Charles WILLIS, Appellant,

v.

UNITED STATES, Appellee.

No. 4518.

District of Columbia Court of Appeals.

Argued Nov. 5, 1968.

Decided Feb. 28, 1969.

O. B. Parker, Washington, D. C., for appellant.

Henry F. Greene, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker, Carl S. Rauh, and James E. Kelley, Asst. U. S. Attys., were on the brief, for appellee.

Before MYERS, FICKLING and KERN, Associate Judges.

KERN, Associate Judge.

This is an appeal from a judgment of conviction after a trial by jury for assault and possession of a dangerous weapon with intent to use unlawfully, a .22 caliber rifle, in violation of D.C.Code 1967, § 22–3214

(b).[1] The trial court imposed concurrent sentences of 60 days imprisonment for each conviction but suspended execution of the sentences and placed appellant on probation for one year.

■ Appellant challenges the sufficiency of the evidence and argues that he acted in self-defense and upon provocation, but this was a matter for the jury to determine upon the conflicting testimony presented. There was clearly enough evidence adduced to support the verdict.

Appellant cites Guarro v. United States [2] to support his contention that since the complainant admitted on cross-examination that he was not frightened when appellant pointed the rifle at him, the Government failed to prove an essential element of the crime of assault. *Guarro,* as the United States Court of Appeals was careful to point out, is limited to a unique fact situation, the non-violent touching with homosexual overtones of an undercover police officer. Actual fear on the complainant's part is not a necessary element of assault. Harris v. United States, D.C.App., 201 A. 2d 532, 534 (1964).

■ Appellant also argues that the trial court erred in refusing to suppress the rifle on the ground that it was a product of an unlawful search and seizure. We conclude that appellant is without standing to raise the contention. The rifle was found by police in the back yard of a house in which an employee of appellant lived. Appellant had been visiting there at the time of the alleged assault but left prior to the arrival of the officers. Appellant cites Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) to support his claim of standing, but the movant in that case was *residing* temporarily on the premises searched and it is, therefore, inapposite to our case. Henzel v. United States, 296 F.

2d 650 (5th Cir. 1961) cited by appellant is of no aid to him on the issue of standing. In that case the movant was the president and sole stockholder of a corporation whose books and records were seized from movant's office without a warrant. Here, the yard in which the rifle was found was a part of a residential dwelling and there is no indication that any business was ever conducted by appellant in the house.

■ In any event, the police officer can scarcely be said to have acted unreasonably in the circumstances of this case. He received a report of a man with a rifle and when he arrived at the scene an unidentified bystander told him that the man had gone out the back door of the house. The officer entered the yard and went around the house to the back where he saw the rifle on the ground. His conduct was proper when viewed against the exigencies of the moment. Warden of Maryland Penitentiary v. Hayden, 387 U.S. 294, 298, 299, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Dorsey v. United States, 125 U.S.App.D.C. 355, 358, 372 F.2d 928, 931 (1967).

■ Appellant asserts that the trial court lacked authority to require him as a condition of probation to stay away from Elsie Willis. We do not agree. Appellant's relationship with her was clearly a factor in his criminal conduct toward her son-in-law, the complaining witness in the instant case. Conditions of probation may be prescribed by the court to minimize the chance of recurrence of the crime committed. D.C.Code 1967, § 16–710. The Federal Probation Act, 18 U.S.C. § 3651 is nearly identical to that statute and has been construed broadly to give the sentencing court great latitude in placing defendants on probation. See United States ex rel. Spellman v. Murphy, 217 F.2d 247, 251 (7th

1. Section 22–3214(b) states:
No person shall within the District of Columbia possess, with intent to use unlawfully against. another, an imitation pistol, or a dagger, dirk, razor, stiletto, or knife with a blade longer than three inches, or other dangerous weapon.

2. 99 U.S.App.D.C. 97, 237 F.2d 578 (1956).

Cir. 1954); Barnhill v. United States, 279 F.2d 105, 106 (5th Cir. 1960), cert. denied, 364 U.S. 824, 81 S.Ct. 60, 5 L.Ed.2d 53 (1960). We conclude that the condition imposed here was proper and within the scope of authority of the trial court.

We find no merit in appellant's other claims. We have carefully reviewed the record and conclude that the judgment of conviction must be and is

Affirmed.