**UNITED STATES of America,**
**Appellee,**

v.

**Curtis Arthur CHAPEL, Appellant.**

**No. 24840.**

United States Court of Appeals,
Ninth Circuit.

June 29, 1970.

Robert C. Mussehl (argued), of Smith, Lind, Thom & Mussehl, Curtis Arthur Chapel, Seattle, Wash., for appellant.

Charles A. Schaaf (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., J. Byron Holcomb, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before MERRILL, ELY, and CARTER, Circuit Judges.

ELY, Circuit Judge:

This appeal is from an Order revoking probation.

Chapel was convicted for having refused induction into the military service. 50 U.S.C. App. § 462(a). The judgment of conviction, imposed on January 24, 1969, followed a jury's determination of Chapel's guilt. The sentencing judge awarded probation for a period of three years. The conditions of probation, in pertinent part, were that Chapel "obey all local, state and federal laws," "that he comply with the rules and regulations of the Probation Department," that he "conduct himself as a law-abiding, industrious citizen," and that he perform work at a certain specified hospital if work should be there available, or if not, at such other charitable institution as the court might direct. Chapel did not appeal. Thereafter, on April 18, 1969, the district judge revoked Chapel's probation and committed him to confinement for a term of five years. This appeal followed.

The original indictment against Chapel followed his surrender of his Selective Service registration card to his draft board as an expression of his pacifist views. He was reclassified as a I–A delinquent, and there was a consequent acceleration of the time for his induction. He was nineteen years of age at the time.

During the oral argument of the present appeal, the Government's attorney appeared to concede that had Chapel appealed from the original judgment of conviction, such conviction would have likely been vacated because of Supreme Court pronouncements made between the time of the judgment of conviction and the time when the appeal, had there been such, would have been decided by this court.[1] *See* Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S. Ct. 661, 24 L.Ed.2d 653 (1970); Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970).

The Government moved to revoke the probation because Chapel, after his conviction, again turned in his draft card, this time in a blood-stained envelope and, on February 14, 1969, visited certain local boards of the Selective Service and distributed Valentine cards containing anti-war slogans. On the basis of this conduct, the Government issued its "Notice of Grounds of Government for Revocation of Probation," setting forth the grounds in broad terms. Only two of the grounds are now material, for, at the commencement of the revocation hearing, the judge stated: "* * * the only two grounds that I am primarily interested in are the government's contention

---

1. We express no opinion on Chapel's right to collateral relief.

that the defendant has breached the terms of his probation by his continued harassment of the Selective Service System and by turning in his draft card soaked in blood."

 We have concluded, in the very unique circumstances of this case, that the Order revoking probation should be reversed and that the probationary sentence should be reinstated. The conditions of probation were set forth in general terms and were, in our opinion, insufficient adequately to notify Chapel that he would risk revocation of probation by engaging in his acts of protest. The awarding of probation was, of course, an allowance of grace, and the sentencing judge is afforded the widest latitude in the imposition of conditions. *Cf.* United States v. Johnson, 415 F.2d 1130 (9th Cir. 1969). During Chapel's original trial, the judge repeatedly recognized that Chapel's beliefs were deeply held. He commented: "But I am satisfied after a good deal of reflection on it that you basically in your basic thinking and in your beliefs are a conscientious objector," and "There is no doubt in my mind that this young man is a very sincere young man * * *." The judge was also aware of Chapel's previous disposition to give expression to his protests, and with this knowledge there would have been adequate justification for the imposition of a specific condition of probation, requiring, to every reasonable extent, that Chapel refrain from offensive communication or contact with the Selective Service System and its employees. This, however, as we have seen, the sentencing judge did not do. He directed that Chapel violate no law, but Chapel has not been charged with or convicted of any crime in connection with his questioned activities. Moreover, the record leads us to believe that Chapel, foolish and unwise though he may have been, could have reasonably believed that his protesting activities fell within the scope of First Amendment rights. We think, too, that the Government should have been more specific in setting forth, in its Notice, the grounds upon which it would urge that Chapel's probation be revoked. Such specificity would more nearly fit the requirement that a defendant whose probation is sought to be revoked be "apprised of the grounds on which such action is proposed." Rule 32 (f), Fed.R.Crim.P.

When, upon remand, Chapel's probationary sentence is reinstated, the sentencing judge may, if he chooses, impose any such additional specific and reasonable conditions upon Chapel's probation as he may deem to be in the general public interest, including the furtherance of Chapel's rehabilitation and full restoration to useful citizenship.

Reversed.