**UNITED STATES of America,
Appellee,**

v.

**John Scott ALARIK, Appellant,
No. 20339.**

United States Court of Appeals,
Eighth Circuit.
March 29, 1971.

Kenneth E. Tilsen, St. Paul, Minn., for appellant.

Robert G. Renner, U. S. Atty., Thorwald H. Anderson, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON and BRIGHT, Circuit Judges and McMANUS, Chief District Judge.

McMANUS, Chief District Judge.

Appellant was indicted and convicted below for refusing to register for the draft in violation of 50 U.S.C. App. Section 462. He was placed on probation for three years, but when he failed to comply with the special conditions thereof, his probation was revoked and he was sentenced to two years imprisonment. We affirm.

Appellant raises two issues on appeal: 1) The district court erred in overruling his motion to dismiss based upon allegedly discriminatory enforcement of Section 462;[1] 2) The district court abused its discretion in requiring registration as a condition of probation and in revoking his probation.

Appellant points out that certain public figures, including professors and clergymen, had openly advocated that individuals subject to induction under the Selective Service Act take affirmative steps to evade induction. These acts appear on their face to subject the adult counselors and abettors of draft evasion to the same penalties under § 462 as the draft evader himself. Appellant contends this constitutes a discrimination based on age between those under 26 and amenable to the draft and those who are over 26 and is thus violative of the Equal Protection Clause of the Constitution.

The Government contends there is no invidious discrimination and such discrimination that does result from a failure to prosecute the abettors and counselors of draft evasion are within the permissible range of prosecutorial discretion. Additionally, there is a basic difference between the crime of draft evasion and counseling draft evasion; and that it would be difficult to convict those merely advocating draft evasion for political or personal reasons.

It does appear that there is a basic difference in the various crimes set forth in § 462. This, however, would not excuse non-enforcement of the provisions of that section by prosecuting officials; but the failure to enforce all criminal laws is certainly no justification for a judicial sanction of enforcing none. In any event discrimination resulting from the practice complained about by the appellant has not prejudiced him and constitutes no invidious discrimination.

As to Appellant's first contention, the law is clear that a prosecutor may exercise discretion[2] in deciding who should be prosecuted as long as he does not deliberately discriminate be-

---

1. 50 U.S.C.App. § 462 provides insofar as relevant:

(any person) who otherwise evades or refuses registration or service in the armed forces or any of the requirements of this title, or who knowingly counsels, aids, or abets another to refuse or evade registration or service in the armed forces or any of the requirements of this title, or of said rules, regulations, or directions, or * * *

(any person) who conspires to commit any one or more of such offenses, shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment * * *."

2. For an excellent discussion of prosecutorial discretion see Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479 (1967).

tween persons in similar circumstances based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Oyler v. Boles, Warden, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1961); Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); United States v. Sacco, 428 F.2d 264 (9th Cir. 1970). We find no violation of this standard here.

Appellant's second contention is likewise without merit. Probation of a convicted defendant is a matter of grace and not a matter of right. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932); Kaplan v. United States, 234 F.2d 345 (8th Cir. 1956); Kirsch v. United States, 173 F. 2d 652 (8th Cir. 1949). The granting of probation, and the conditions upon which it is granted as well as its revocation are matters purely within the discretion of the trial court and are reviewable only upon abuse of discretion. See e. g., Trueblood Longknife v. United States, 381 F.2d 17 (9th Cir. 1967); United States v. D'Amato, 429 F.2d 1284 (3rd Cir. 1970); United States v. Clanton, 419 F.2d 1304 (5th Cir. 1969). We find no abuse of discretion.

The conditions were clearly imposed upon Appellant. Furthermore, there is no dispute that he violated the first two.[3] The heart of his argument appears to be that, since he could not be subsequently prosecuted if he failed to register, the condition was improper. While we agree that defendant could not subsequently be prosecuted if he failed to register, Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970); United States v. Crocker, 435 F.2d 601 (8th Cir. 1971); we do not view the imposition of such a condition being improper or constituting an abuse of discretion under the facts in this case. Because under normal circumstances a defendant could not be prosecuted for failure to perform an act does not make that act an illegal condition of probation. Cf. Whaley v. United States, 324 F.2d 356 (9th Cir. 1963); Barnhill v. United States, 279 F.2d 105 (5th Cir. 1960); Kaplan v. United States, *supra.*

Affirmed.

---

3. In addition to the usual conditions of probation, Judge Larson imposed the following special conditions:

   1. That the defendant engage in that type of employment of national importance as would be prescribed for and required of conscientious objectors for a period of at least 24 months, and that such employment commence within 30 days.

   2. That within 10 days from now the defendant register with his Selective Service Board as required by law.

   3. That the defendant report back to this Court on Monday, May 25, 1970, at 8:45 a. m.

