**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jack W. SAVAGE, Defendant-Appellant.**

**No. 30400.**

United States Court of Appeals, Fifth Circuit.

April 14, 1971.

W. Monroe Stephenson, New Orleans, La., Maurice J. Walsh, Carl M. Walsh, Chicago, Ill., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Joseph R. McMahon, Jr., Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before GEWIN, BELL and ALDISERT*, Circuit Judges.

PER CURIAM:

The appellant Jack W. Savage was tried by a jury and convicted on a four-count indictment, the first three counts of which charged that he employed various fraudulent practices in the sales of securities in violation of 15 U.S.C. § 77q(a); and the fourth count charged the use of the mails in furtherance of the alleged scheme to defraud in violation of 18 U.S.C. § 1341. On this appeal he challenges the sufficiency of the evidence to prove the conduct charged and the intent to defraud; claims that the prosecutor made improper arguments to the jury; and asserts that the trial judge abused his discretion in fixing certain special conditions of probation.

We find no merit in any of the above mentioned contentions and affirm. The argument of Government counsel was not prejudicial under the facts presented. Our examination of the record convinces us that there was ample evidence to support the jury's verdict of guilty. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Tillman v. United States, 406 F.2d 930, 939 (5th Cir. 1969).

Appellant's final contention is that the trial court overstepped the bounds of discretion by imposing certain condi-

* Of the Third Circuit, sitting by designation.

tions of probation with respect to restitution or reparation to aggrieved parties. He was given a three year sentence, fined on each count, and was required to pay the costs of prosecution. Execution of the sentence was suspended and he was placed on probation for a period of thirty-six months. He was permitted to pay the fines monthly in installments to be arranged with the probation officer "so his family will not be placed in want." With respect to restitution, it was agreed by counsel for the appellant and the government that only two claims against Savage remain unsettled.

■ Without question the court had the right to require as a condition of probation, that the appellant make appropriate restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which he had been convicted. 18 U.S.C. § 3651; 2 C. Wright, Fed. Practice and Procedure, § 529 at 436 (1969). Probation is conferred as a privilege, and can not be demanded as a matter of right. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932).

■ The condition of which the appellant complains was stated by the sentencing court as follows:

> Conditions of probation are, first, within twelve months he bring to a determination through counsel in an appropriate forum the merit or lack of merit of claims that have been asserted against him.

Nothing in the recited condition requires appellant to make payment of an undetermined amount of money or any sum of money. The claimants involved are named in the testimony and there appears to be no uncertainty as to their identity or the nature of their claims. Appellant is only required to reach a determination of the merit or lack of merit of the two known and pending claims within the time mentioned. Although the condition could have been imposed in clearer language, we hold that it is implicit in the language used that the appellant can not be held to be in violation of the condition unless he is clearly at fault. His probation will not be jeopardized by occurrences, events or conditions over which he has no control. The Government agreed with our interpretation during oral argument and will not be permitted to take a different position in the future. The trial court can not revoke appellant's probation unless it is positively and clearly shown that failure to meet the condition was due to the appellant's neglect or default.

Judgment affirmed.