**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Morton Aaron KOHLBERG,
Defendant-Appellant.**

**No. 72-2476.**

United States Court of Appeals,
Ninth Circuit.

Jan. 26, 1973.

Rehearing Denied March 14, 1973.

Bernard G. Winsberg, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, Earl Boyd, Lawrence W. Campbell, Asst. U. S. Attys., for plainntiff-appellee.

Before CHAMBERS and TRASK, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

Kohlberg pleaded guilty to a charge of mailing obscene matter in violation of 18 U.S.C. § 1461. He was sentenced to three years imprisonment, the judgment providing that he serve six months in a jail or treatment type institution and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for five years on specified conditions, including delivery to the Post Office Department of pornographic or obscene material in his possession, termination of his interest in an illegal pornographic company, and that he not associate with any known homosexuals. Appellant's motion, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, for a modification of the sentence was denied.

The imposed sentence of three years is well within the statutory limits prescribed by 18 U.S.C. § 1461, which provides for a fine of not more than $5,000 or imprisonment for not more than five years, or both. It is well settled "that the matter of sentencing is within the discretion of the trial court and not reviewable by an appellate court so long as the sentence falls within the bounds prescribed by statute." United States v. James, 443 F.2d 348, 349 (9 Cir. 1971) and cases there cited. A Rule 35 motion is likewise addressed to the district court's discretion, and this court may not substitute its judgment "for the discretion committed solely to the district court." United States v. Krueger, 454 F.2d 1154, 1155 (9 Cir. 1972).

18 U.S.C. § 3651 provides that " . . . when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, [the trial court] may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best."

"The awarding of probation was, of course, an allowance of grace, and the sentencing judge is afforded the widest latitude in the imposition of conditions." United States v. Chapel, 428 F.2d 472, 474 (9 Cir. 1970). The conditions here imposed were within the discretion of the district court. We find no merit in appellant's contention that the conditions of probation violated his constitutional rights.

Affirmed.

---

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.