**STATE of Iowa, Appellee,**

v.

**John Clinton ROGERS, Appellant.**

**No. 59197.**

Supreme Court of Iowa.

March 16, 1977.

Dewayne A. Knoshaug, Clarion, for appellant.

Richard C. Turner, Atty. Gen., Mark Beckman, Asst. Atty. Gen., and Larry E. Ivers, County Atty., for appellee.

REYNOLDSON, Justice.

This case of first impression requires us to examine trial court's powers to impose innovative probationary conditions under § 789A.1(2), The Code, 1975. Defendant was tried and convicted of a § 321.281 offense (driving while under the influence). The district court imposed a fine and sentence but suspended the sentence upon condition defendant reimburse to the county the fees paid his court-appointed counsel. Defendant retained his own counsel and appeals. In the unique circumstances disclosed by this record, we affirm.

This 25-year-old defendant, a high school graduate, was an over-the-road truck driver and mechanic. He was married, with one small child. As a result of this drunk-driving episode on September 7, 1975, and a later unrelated minor accident, defendant's truck-driving job was terminated on an undisclosed date with two weeks' pay. He had been earning at the rate of $10,000 per year and his wife had employment caring for children in their home. Defendant owned an $800 car and a home in which he had an equity of $3500.

Defendant was unemployed on October 13, 1975 when the court ordered his present counsel to represent him at public expense "* * * however this order and the defendant's employment will be review [sic] prior to time for trial."

A different judge presided at trial. There is no indication this judge conducted the contemplated review of defendant's indigency status when trial commenced on November 25, 1975. Defendant was then employed as a mechanic at $150 per week. His national guard activities paid $70 per month. Neither defendant nor his counsel saw fit to inform trial court of the changed conditions. Of the 26½ hours of time spent on this case by defense counsel, only five hours were expended during the interval defendant was not fully employed.

In its December 8, 1975 sentence, the district court included the only controverted condition of probation:

"The defendant shall reimburse Wright County, Iowa, for the amount of his attorney fee as authorized and approved by this court, said reimbursement shall be paid according to a schedule to be established by his probation officer. The probation officer shall submit the required schedules of installment payments to this court for approval."

There is no issue here relating to an indigent's constitutional right to counsel at public expense, or to the unconstitutionality of this particular condition. Defendant does not contest the reasonableness of the fee. He raised no objections below to the imposition of repayment as a condition of probation. He does not contend he cannot pay the installments. Nevertheless, defendant appeals here asserting this condition was "improper" in absence of express statutory authorization.

I. *Statutory changes and prior case law.*

■ In the situation confronting trial court at sentencing, we are convinced sufficient statutory authority existed in the broad delegation of probationary power granted by the legislature in 1973:

"789A.1 *Deferred judgment or suspended sentence—probation.*

    *   *   *   *   *   *

1. *   *   *

2. By record entry at time of or after sentencing, the court may suspend the sentence and place the defendant on probation *upon such terms and conditions as it may require.*" (Emphasis supplied).

Before the 1973 legislature repealed § 247.20 (Laws 65 G.A. Ch. 295, § 16) this predecessor statute had provided:

"247.20 *Probation by court.* The trial court before which a person has been convicted of any crime *   *   * may by record entry at time of or after sentence is pronounced but before imprisonment suspend the sentence and *grant probation to said person during good behavior.*" (Emphasis supplied).

It seems obvious the 1973 legislature, in repealing § 247.20 and substituting § 789A.1, intended the sentencing court to have more authority than to merely impose conditions for the good behavior of a convicted criminal. Good behavior is the obligation of every citizen. See *State v. McGinnis*, 243 N.W.2d 583, 587–589 (Iowa 1976); 24 C.J.S. Criminal Law § 1571(8), at 472 (1961).

Nor is it necessary to invoke the rule of statutory construction that ordinarily a change in the language of a statute indicates a legislative intent to change the law. *Mallory v. Paradise*, 173 N.W.2d 264, 267–268 (Iowa 1969); *State v. Downing*, 261 Iowa 965, 972, 155 N.W.2d 517, 521 (1968); *Holland v. State*, 253 Iowa 1006, 1013, 115 N.W.2d 161, 165 (1962).

■ Other new language in chapter 789A, The Code, makes clear the several statutory changes were designed to "provide maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant and others." Section 789A.1(2), The Code.

The expanded provision permitting an Iowa sentencing court to impose probation provisions "upon such terms and conditions as it may require" may have been patterned after the federal statute permitting the federal trial courts to grant probation "for such period and upon such terms and conditions as the court deems best." 18 U.S.C.A. § 3651. The great discretion this language

grants federal sentencing courts to establish conditions of probation is touched on, infra.

It is apparent the above § 789A.1(2) language selected by Iowa's legislature is broad, an authorization for this court to permit the exercise of judicial judgment in probation conditions. We should not require the general assembly to take the lead by embalming specifics in further statutes.

A philosophy that the legislature must lay out statutory conditions of probation would violate A.B.A. Standards Relating to Probation § 3.2, at 44 (Approved Draft, 1970):

"3.2 Nature and determination of conditions.

(a) It should be a condition of every sentence to probation that the probationer lead a law-abiding life during the period of his probation. *No other conditions should be required by statute; but the sentencing court should be authorized to prescribe additional conditions to fit the circumstances of each case. * * * "* (Emphasis supplied).

Additional constraints on statutorily-granted judicial authority would destroy that flexibility the United States Supreme Court said was inherent in the similar language of the corresponding federal statute, supra:

"To accomplish the purpose of the statute, an exceptional degree of flexibility in the administration is essential. It is necessary to individualize each case, to give that careful, humane and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion."

—*Burns v. United States,* 287 U.S. 216, 220, 53 S.Ct. 154, 155–156, 77 L.Ed. 266, 269 (1932).

While not applicable here, the new Iowa Criminal Code enacted by the 66th General Assembly, Ch. 1245, 1976 Session, insures the same flexibility:

"Sec. 705. *Conditions of probation.* The court, in ordering probation, may impose *any* reasonable rules and conditions which will promote rehabilitation of the defendant and protection of the community, including adherence to regulations generally applicable to persons released on parole." (Emphasis supplied).

■ It may be argued the legislature's separate provisions for restitution (of amounts a victim might recover in a civil action) as a condition of probation evidences the legislature's intent to prohibit payment of any other sum as a condition of probation. Section 789A.8, The Code. It could as easily be inferred the legislature specifically authorized restitution because it is a potential condition of probation in almost every sentence. In addition, provisions of § 789A.8 avoid duplication of payments which might otherwise occur through concurrent operation of civil remedies and probation restitution. No such tensions exist here—this court has already concluded there is no common law or statutory right to recover attorney fees expended in defense of an indigent. *Woodbury County v. Anderson,* 164 N.W.2d 129 (Iowa 1969).

Of course, the *Anderson* court never faced the problem we now confront. It simply held the county in a *civil* action could not recover from the indigent criminal-case defendant those sums expended for his attorney fees. It is true the opinion invited legislative scrutiny and indicated such amounts could be constitutionally included in costs. The decision largely rested on our long-established rule that costs are taxable only to the extent provided by statute. *Atherton v. State Conservation Commission,* 203 N.W.2d 620, 622 (Iowa 1973); *State v. Ronek,* 176 N.W.2d 153, 158 (Iowa 1970); *City of Ottumwa v. Taylor,* 251 Iowa 618, 621, 102 N.W.2d 376, 378 (1960). The *Anderson* court rejected "[d]efendant's contention that liability may not be imposed on an indigent defendant to reimburse the county for expenditures made for court-appointed counsel." 164 N.W.2d at 134.

In the year following *Anderson* the legislature merely provided for the taxation of these fees as *costs* in the rare situation involving a person who "desires legal assist-

ance, and is financially able to secure counsel but refuses to employ an attorney." Section 336B.6, The Code. It should be parenthetically observed § 336B.6 was enacted during the ascendancy of *In re Allen*, 71 Cal.2d 388, 78 Cal.Rptr. 207, 455 P.2d 143 (1969), which held a probation provision requiring reimbursement of court appointed counsel fees violated amendment 6, United States Constitution. Of course, a contrary and finally authoritative interpretation of the United States Constitution has since been reached by the United States Supreme Court, *Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974), six justices voting for the majority opinion and Mr. Justice Douglas concurring in the result. Nonetheless, the unconstitutionality rationale adopted in *Allen* (ultimately rejected by *Fuller*) had permeated judicial thought and writing and constrained legislative action for years, both before and after that decision. See, e. g., A.B.A. Standards Relating to Providing Defense Services § 6.4, at 58–59, adopted February 1968 ("The practice raises serious constitutional questions * * * ").

We may accept the premise, arguendo, the legislature followed our *Anderson* invitation to study the question whether liability for these fees should be imposed across the board. We may also assume, for the purposes of this appeal, the legislature may have rejected that approach. There is an indication from the Kansas experience the chase may not be worth the prize. *James v. Strange*, 407 U.S. 128, 133, 92 S.Ct. 2027, 2031, 32 L.Ed.2d 600, 606 (1972) ("only $17,-000 has been recovered under the statute in its almost two years of operation, and this amount is negligible compared to the total expended").

But there is no indication the legislature ever considered, much less rejected, the concept that in the circumstances presented by this appeal, payment of these fees on a reasonable installment basis could not be imposed as a condition of probation. The broad language of § 789A.1(2), adopted four years after *Anderson* and three years after § 336B.6 was enacted (neither of which is

concerned with probation), is plainly the last applicable indicia of legislative intent concerning probation provisions.

## II. *Scope of review.*

■ It has long been a well-settled rule that trial courts have a broad discretion in probation matters which will be interfered with only upon a finding of abuse of that discretion. See, e. g., *Burns v. United States*, supra; *United States v. Hayward*, 471 F.2d 388, 391 (7 Cir. 1972); *United States v. Alarik*, 439 F.2d 1349, 1351 (8 Cir. 1971) ("The granting of probation, and the conditions upon which it is granted as well as its revocation are matters purely within the discretion of the trial court and are reviewable only upon abuse of discretion"); *State v. Boston*, 233 Iowa 1249, 1257, 11 N.W.2d 407, 411 (1943). Of course, conditions of probation cannot be unreasonable or arbitrary. 21 Am.Jur.2d Criminal Law § 566, at 535 (1965); 24 C.J.S. Criminal Law § 1571(8), at 472–473, § 1618(8), at 889–893 (1961).

■ The provisions of § 793.18, The Code, which permit us to modify sentences, are invoked only following a finding of abuse of trial court's broad discretion. See *State v. Dittmar,* 239 N.W.2d 545, 547 (Iowa 1976); *State v. Drake,* 224 N.W.2d 476, 479 (Iowa 1974).

To reverse in this appeal would require us to depart from our established rule granting broad discretion to the sentencing court. To turn our decision on what is "appropriate" would not only be contrary to the statutory scheme, it would substitute the judgment of the appeal court for that of the trial court.

## III. *Flexibility in conditions of probation.*

■ As has been noted, the applicable legislation allows wide discretion in granting probation, subject only to the statutory guidelines that the conditions imposed should relate to the rehabilitation of the convicted criminal or the protection of the community, or both. Section 789A.1(2), The Code.

Probation assumes the offender can be rehabilitated without serving the suspended jail or prison sentence. But this is not to say probation is meant to be painless. *In re Buehrer,* 50 N.J. 501, 509, 236 A.2d 592, 596 (1967). The sentencing court's probation conditions might well be tailored to deter defendant from further offenses and thus contribute toward his rehabilitation.

In the case before us it is likely defendant had neighbors with lesser earning capacity and more humble homes who were assessed taxes for the court expense fund to pay his district court attorney fees. See *Anderson,* supra, 164 N.W.2d at 130–131; §§ 444.9, 444.10, 333.11, The Code. Trial court may have reasonably concluded reimbursement would enhance defendant's self-esteem and self-confidence in his community and thus contribute to his rehabilitation.

Although the United States Supreme Court in *Fuller v. Oregon,* supra, 417 U.S. at 53–54, 94 S.Ct. at 2124–2125, 40 L.Ed.2d at 655, was in the process of holding constitutional Oregon's statute authorizing recoupment of these fees as a condition of probation, in this different context it palpated the thin line of distinction above referred to:

"A defendant in a criminal case who is just above the line separating the indigent from the nonindigent must borrow money, sell off his meager assets, or call upon his family or friends in order to hire a lawyer. We cannot say the Constitution requires that those only slightly poorer must remain forever immune from any obligation to shoulder the expenses of their legal defense, even when they are able to pay without hardship."

Without endorsing the condition imposed by this trial court as one which should be imposed in all probations, or even frequently, we take note of this defendant's unusual situation and resist substituting our discretion for trial court's discretion.

In thus exercising appropriate appellate court restraint, we follow enlightened precedent from other jurisdictions which have approved probationary conditions extending beyond garden-variety "good behavior" regulations. Such conditions have involved payments of money and imposition of restraints which, applied to a person not a convicted criminal, plainly would be unconstitutional. Of course, the imprisonment endured by a convicted criminal who is not granted probation would ordinarily also be an unconstitutional restraint if imposed on another.

The following cases are illustrative of conditions tailored by the sentencing court to meet the rehabilitation requirements of the particular convicted criminal before it, under authority of statutes no broader than ours. *Malone v. United States,* 502 F.2d 554 (9 Cir. 1974) (forbidding participation in any American Irish Republican Movement, from belonging to any Irish organization, from participating in any Irish Catholic organization, from visiting any Irish pubs); *United States v. Kohlberg,* 472 F.2d 1189 (9 Cir. 1973) (requiring delivery to post office department of pornographic or obscene material in defendant's possession, termination of his interest in an illegal pornographic company, and that he not associate with any known homosexuals); *United States v. Savage,* 440 F.2d 1237 (5 Cir. 1971) (defendant within 12 months to bring to a determination through counsel in an appropriate forum the merit or lack of merit of claims asserted against him); *United States v. Chapel,* 428 F.2d 472 (9 Cir. 1970) (required to work at a certain specified hospital and if work not available there at another charitable institution as directed by the court); *Willis v. United States,* 250 A.2d 569 (D.C. Ct.App.1969) (defendant required "to stay away from Elsie Willis"); *People v. Keefer,* 35 Cal.App.3d 156, 110 Cal.Rptr. 597 (1973) (defendant prohibited from engaging in furnace or heating business); *In re Mannino,* 14 Cal.App.3d 953, 92 Cal.Rptr. 880 (1971) (petitioner prohibited from actively participating or engaging in any demonstration, protest or passive resistance for any purpose whatsoever); *People v. King,* 267 Cal.App.2d 814, 73 Cal.Rptr. 440 (1968) (defendant prohibited from participating actively in demonstrations); *Sobota v. Williard,* 247 Or. 151, 427 P.2d 758 (1967) (alcoholic defendant to refrain from drinking

intoxicants); *State v. Gerard,* 57 Wis.2d 611, 205 N.W.2d 374 (1973) (defendant, under statute empowering court to impose conditions "which appear to be reasonable and just", required to make restitution to victims of other crimes for which he was not prosecuted); *State v. Garner,* 54 Wis.2d 100, 194 N.W.2d 649 (1972) (defendant required to take his family off the county welfare roll); *State v. Barklind,* 12 Wash. App. 818, 532 P.2d 633 (1975) (in absence of a recoupment statute, defendant required to reimburse county for a portion of his court-appointed attorney's fees).

These cases demonstrate that other jurisdictions, interpreting similar probation statutes, accept the responsibility and authority granted.

IV. *Analysis of other authorities.*

It is true some jurisdictions provide by statute for recoupment of court-appointed fees. A number of decisions from other jurisdictions involve constitutional attacks on both legislative and judicial requirements for fee reimbursements, an issue not before us here. In none of these decisions was the constitutionality of the basic concept of recoupment of such fees successfully challenged except in *In re Allen,* 71 Cal.2d 388, 78 Cal.Rptr. 207, 455 P.2d 143 (1969), and in *State ex rel. Brundage v. Eide,* 83 Wash.2d 676, 521 P.2d 706 (1974) which followed the *Allen* rationale. The federal constitutional interpretation applied by *Allen* was repudiated by the United States Supreme Court in *Fuller v. Oregon,* supra, 417 U.S. at 52, 94 S.Ct. at 2124, 40 L.Ed.2d at 653, "We have concluded that this [*In re Allen*] reasoning is wide of the constitutional mark." Thereafter a California recoupment statute was declared constitutional in *People v. Amor,* 12 Cal.3d 20, 114 Cal.Rptr. 765, 523 P.2d 1173 (1974). And in *State v. Hess,* 86 Wash.2d 51, 541 P.2d 1222 (1975), the Washington Supreme Court pointed out its prior decision in *Eide* was grounded on *In re Allen* and the reasoning of the *dissent* in *State v. Fuller,* 12 Or.App. 152, 504 P.2d 1393 (1973), a decision affirmed in *Fuller v. Oregon.* While the *Hess* court nullified a recoupment condition of

probation in the particular case before it, the decision did not prohibit such probationary condition when accompanied by appropriate safeguards:

"Likewise we are not presented and do not consider the question whether the court has inherent power to exercise discretion to consider appropriate factors and fashion conditions of probation which meet constitutional criteria."

—86 Wash.2d at 54, 541 P.2d at 1224.

The Washington court of appeals in a case which still stands, *State v. Barklind,* supra, had previously affirmed a trial court's sentence which conditioned probation upon recoupment when the condition was accompanied by the simple safeguards distilled from *Fuller.* The safeguards articulated in *Fuller* and *Barklind* are nothing more than would be inherent in Iowa's traditional administration of probation conditions:

(1) The requirement of repayment is imposed only on a convicted defendant.

(2) The court does not order payment of this expense unless the convicted person is or will be able to pay it without undue hardship to himself or dependents, considering the financial resources of the defendant and the nature of the burden payment will impose.

(3) Revocation of probation shall occur only if defendant willfully fails to make payment, having financial ability to do so.

(4) Defendant may petition sentencing court to adjust the amount of any installment payments, or the total amount due, to fit a changing financial condition.

As heretofore noted, this defendant makes no constitutional attack. If he had, it might easily have been met by modification of sentence to include the above provisions.

Defendant merely advances the broad assertion trial court had no authority, absent a specific statute, to make *any* order for recoupment of court-appointed attorney fees. To adopt defendant's rationale we

would be required to reject plain statutory language, discourage the innovation required by sound public policy, and create a new standard of review. This we decline to do.

On the single issue presented here, we affirm.

AFFIRMED.

All Justices concur except UHLENHOPP, MASON and RAWLINGS, JJ., who dissent.

REES, J., takes no part.

UHLENHOPP, Justice (dissenting).

Section 775.4 of the Iowa Code implements the constitutional guarantee of the right to counsel and provides for appointment of counsel if the defendant is unable to employ any. Section 775.5 then provides in part:

> An attorney appointed by the court to defend any person charged with a crime in this state shall be entitled to a reasonable compensation to be decided in each case by the court, including such sum or sums as the court may determine are necessary for investigation in the interests of justice and in the event of appeal the cost of obtaining the transcript of the trial and the printing of the trial record and necessary briefs in behalf of the defendant.

The statute contains no provision for reimbursement of the county for attorney fees and expenses. Nor do the criminal procedure statutes provide for taxing to defendants the fees and expenses of court-appointed attorneys.

Some Iowa statutes which authorize public payments to or on behalf of individuals also provide for reimbursement of the public. An illustration is § 252.13 of the Code, which provides that counties shall have the right of reimbursement under certain circumstances for payments from the poor fund. On the other hand, some statutes do not provide a right of reimbursement; the public payment is an outright grant.

The present statute, in §§ 775.4 and 775.5, is of the latter kind. Liability of the individual to reimburse is not provided and simply does not exist. This court therefore held in 1969 that a county cannot recoup attorney fees and expenses from a defendant either by independent action or as part of the costs. *Woodbury County v. Anderson,* 164 N.W.2d 129 (Iowa). Requiring a defendant to reimburse as a condition of probation impermissibly accomplishes indirectly what cannot be done directly: the result of imposing a requirement to reimburse as part of probation is the same as imposing a requirement to reimburse as part of the costs.

In *Anderson* the court invited legislative attention to the subject of reimbursement, and at its next session the legislature did enact a provision which covers some cases, in 63 G.A. ch. 1171, § 6, now Code 1975, § 336B.6:

> If a court finds that a person desires legal assistance, and is financially able to secure counsel but refuses to employ an attorney, the court shall employ an attorney to represent such person at public expense. The attorney fee paid by the state or county in such cases shall be taxed as part of the court costs against the person receiving the legal assistance, and the state or county shall be reimbursed for said fee when the court costs are paid.

This statute, however, does not reach the present case. The district court ruled, and correctly I think, that originally defendant was unable to employ counsel. As stated in *Morgan v. Rhay,* 78 Wash.2d 116, 119, 470 P.2d 180, 182, "To qualify for appointed counsel, it is not necessary that an accused person be utterly destitute or totally insolvent. Indigence is a relative term, and must be considered and measured in each case by reference to the need or service to be met or furnished. In connection with the constitutional right to counsel, it properly connotes a state of impoverishment or lack of resources which, when realistically viewed in the light of everyday practicalities, effectually impairs or prevents the employment and retention of competent coun-

sel." See also *Schmidt v. Uhlenhopp,* 258 Iowa 771, 140 N.W.2d 118.

We have then a statute providing for counsel at public expense but no statute for reimbursement of the public except in the limited situation of § 336B.6. We have a case in which defendant originally was unable to employ counsel but by time of sentence was able to do so (I will assume). In that setting could the trial court appropriately require in probation conditions that defendant reimburse the county for counsel fees?

Not infrequently the reimbursement problem arises after sentence when the defendant becomes able to reimburse the public—indeed the matter of reimbursement normally does not arise unless the defendant becomes able to pay. E.g., *Fuller v. Oregon,* 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642. Such is basically the situation here, but this defendant simply got a job sooner than most defendants do, perhaps because of his mechanical skill. Ordinarily, however, the cases which allow reimbursement in such situations involve statutes authorizing recoupment, such as the statute involved in *Fuller v. Oregon,* supra. See also *State v. Gerard,* 57 Wis.2d 611, 627, 205 N.W.2d 374, 383 (based upon statute allowing taxing as costs "[a]ttorney fees payable to the defense attorney by the county"). We in Iowa do not have such a statute.

A trial court has broad authority to impose probation conditions. Code 1975, § 789A.1(2) ("the court may suspend the sentence and place the defendant on probation upon such terms as it may require"). Section 789A.1(2) was enacted in 1973, but trial courts have always had broad power to impose probation conditions. *Breeden v. Nielsen,* 256 Iowa 358, 127 N.W.2d 661. Despite the broad language of § 789A.1(2) and the prior case law, a court's authority to impose conditions is not unlimited. Note, Judicial Review of Probation Conditions, 67 Colum.L.Rev. 181; Hink, Application of Constitutional Standards of Protection to Probation, 29 U.Chi.L.Rev. 484; Note, A Trial Judge's Freedom and Responsibility in Administering Probation, 71 Yale L.J. 553;

Best & Birzon, Conditions of Probation: An Analysis, 51 Geo.L.J. 809. In a given case the determinative question is whether the particular condition is *appropriate* to probation. The succeeding provisions of § 789A.1(2) relating to rehabilitation of the defendant and protection of the community throw some light on appropriateness.

We have held that a defendant has no substantive obligation to reimburse the county. The legislature has not seen fit to alter that rule by statute except in a class of cases different from this one. Under these circumstances a reimbursement clause in a sentence is an inappropriate probation condition except in the class of cases specified by the legislature.

The legislature appears to have made a deliberate choice on the reimbursement problem by restricting the requirement of reimbursement to the defendant who, though he is able and desires counsel, refuses to retain counsel. In thus letting the *Anderson* rule stand in other cases, the legislature has the support of a respectable body of opinion opposing reimbursement. The American Bar Association Standards state, in Providing Defense Services, § 6.4 at 58–59 (App. Draft 1968):

> Reimbursement of counsel or the organization or governmental unit providing counsel should not be required, except on the ground of fraud in obtaining the determination of eligibility.

The commentary to this standard states, "A number of jurisdictions impose an obligation upon the accused to pay a fee for the services rendered, when and if he is able. This obligation is often enforced as a condition of probation." The commentary then discusses constitutional implications, and continues:

> Apart from these constitutional objections, the practice of requiring payment from funds not available at the time of the determination of eligibility may serve to discourage the acceptance of counsel by those who are most in need and least able to appreciate the practical consequences of the imposition of such an obligation of reimbursement. Moreover, the

amounts which can be collected under such a requirement are negligible, especially if the cost of collection is taken into account.

The author arrives at a similar conclusion in Goschka, Recoupment Statutes: Free Defense—For a Price, 53 J. Urban L. 89, 118. After listing the claimed benefits of statutory recoupment plans, he states regarding objections to them: "Some of these are directed at the unfairness of the plans, the minimal revenue raised by them, the likely increase in litigation attributable to them, and the corresponding weakening of faith and trust in the national's legal system." He concludes:

It is submitted that the deleterious effects outweigh the beneficial aspects of such plans. Thus, even if such plans eventually hurdle all constitutional obstacles, legislatures should not enact these statutory recoupment schemes.

See also *State v. Hess,* 86 Wash.2d 51, 541 P.2d 1222 (no recoupment statute, no recoupment); ABA Standards Relating to Probation, § 3.2(f) at 50 (App. Draft 1970) (payment of costs as condition of probation unsound); Comment, 67 Mich.L.Rev. 1404, 1420 ("While one might sympathize with the court's efforts to reduce public spending in this area, it seems at least highly unwise, if not unconstitutional, to use the probation condition for that purpose.").

I do not understand the Attorney General to claim in the present case that defendant misrepresented his financial condition, or otherwise to charge defendant with fraud. Were such in fact the situation the county would undoubtedly be seeking to predicate liability on deceit and the case would take on an entirely different hue.

Under § 793.18 of the Code, this court may modify the judgment or render such judgment as the district court should have done, without increasing the punishment. The court should therefore modify the judgment appealed from by striking the condition relating to reimbursing the county.

MASON and RAWLINGS, JJ., join in this dissent.