THE STATE OF OHIO, MADISON TOWNSHIP TRUSTEES, *v.* BOND.

(No. 88-CR-B-214—Decided October 5, 1988.)

Highland County Court.

*Ralph W. Phillips,* for plaintiff.
*Jon C. Hapner,* for defendant.

ROBERT J. JUDKINS, J. This case came on for trial wherein the defendant was charged with having violated a zoning ordinance of Madison Township, Highland County, Ohio, by accumulating abandoned, wrecked, dismantled or disabled vehicles for a period of more than thirty days in violation of Section 5.16 of the Madison Township Zoning Ordinances and R.C. 519.23.

Upon receipt of evidence, the court allowed counsel for the defendant fourteen days to submit a written memorandum in support of the defense position and counsel for the state of Ohio an additional seven days to submit a reply memorandum. The court took the case under advisement, whereupon counsel for both sides have filed their respective memoranda as requested by the court.

The defendant, Craig Bond, asserts he should be acquitted on three grounds: First, defendant claims that the charge constitutes a discriminatory prosecution, thus mandating a dismissal. Second, defendant claims that there is insufficient evidence to establish beyond a reasonable doubt that automobiles remained on the premises for a period of more than thirty days. Third, defendant claims there is a lack of proof beyond a reasonable doubt that the property in question was in fact owned by the defendant.

The state of Ohio contends that the prosecution is not a discriminatory prosecution, that sufficient evidence has been presented as to the existence of disabled automobiles on the premises for periods in excess of thirty days and that sufficient evidence has been presented as to the ownership of the premises in question.

Facts

The facts of this case are as follows: (1) There is no dispute that the premises in question is located on

Foraker Street, Madison Township, Highland County, Ohio. (2) Section 5.16 of the Madison Township Zoning Ordinances states: "No abandoned, wrecked, dismantled, or totally disabled automobiles, trucks, trailers, aircraft, or discarded furniture, appliances or other miscellaneous materials shall be permitted to remain exposed on the premises in any district for a period of more than thirty (30) days." (3) Zoning Inspector Donald Owens testified that pursuant to a telephone conversation with a person who identified himself as Craig Bond, said Craig Bond admitted to Donald Owens that he was the owner of a lot on Foraker Street, Madison Township, that the "junk" cars were his, and, further, that he was willing to put up a privacy fence to conceal the disabled and dismantled automobiles. (4) Defendant, Craig Bond, failed to erect a privacy fence within thirty days of this conversation and failed to apply to the Madison Township Zoning Board for a variance or for rezoning. (5) Zoning Inspector Owens further testified that he had inspected the property repeatedly over the past four months and observed that the premises always contained numerous disabled and dismantled vehicles although he could not recall if the dismantled and disabled vehicles were the same vehicles on each visual inspection, nor could he recall the exact number of disabled or dismantled vehicles at any one time upon the premises. (6) Zoning Inspector Owens admitted, on cross-examination, that there were other abandoned or disabled vehicles throughout the township and that no charges had been filed against the respective landowners; however, he asserted that the other violations were not as severe, nor did they involve numerous vehicles, as did this case. (7) Defendant Bond offered no evidence, but moved for dismissal of the charge after the conclusion of the state's case.

The court will address first the issue of discriminatory prosecution. The court finds that the controlling case in this area is *State v. Freeman* (1985), 20 Ohio St. 3d 55, 20 OBR 355, 485 N.E. 2d 1043. Before a defense of discriminatory prosecution can be successfully maintained so as to mandate a dismissal of the charge, the defendant has the burden of establishing: " ' "* * * (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, *i.e.,* based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. * * *" ' * * *" *Id.* at 58, 20 OBR at 357, 485 N.E. 2d at 1045, quoting from *United States* v. *Berrios* (C.A. 2, 1974), 501 F. 2d 1207, 1211.

From the evidence of this case, a strong argument could be made that other individuals in the township have disabled or dismantled vehicles on their property, and that although their conduct is of the same type forming the basis of the charge against the defendant, no charges have been filed against these other violators. Thus, defendant has been singled out for prosecution.

However, none of the evidence introduced at trial establishes that the government's selection of the defendant for prosecution was invidious or in bad faith. Zoning Inspector Owens testified that repeated attempts were made to get the defendant to remove the vehicles, apply for a variance, or erect a privacy fence, and that the numerous exposed, disabled and dismantled vehicles distinguished this violation from others. The defense did not contest the evidence that defen-

dant failed to remove the disabled and dismantled vehicles, or that he failed to apply for a variance or to erect a privacy fence.

The court can, therefore, find no evidence of discriminatory selection of the defendant based upon race, color, creed, sex, religion, or the desire to prevent the defendant from exercising his constitutional rights.

The cases cited by the defense, *Murgia* v. *Municipal Court for the Bakersfield Judicial District* (1975), 15 Cal. 3d 286, 124 Cal. Rptr. 204, 540 P. 2d 44; *People* v. *Superior Court of Alameda Cty.* (1977), 19 Cal. 3d 338, 138 Cal. Rptr. 66, 562 P. 2d 1315; *People* v. *Winters* (1959), 171 Cal. App. 2d Supp. 876, 342 P. 2d 538; *Newman* v. *United States* (C.A.D.C. 1967), 382 F. 2d 479; *United States* v. *Sacco* (C.A. 9, 1970), 428 F. 2d 264; and *United States* v. *Alarik* (C.A. 8, 1971), 439 F. 2d 1349, are either not controlling or are clearly distinguishable from the case at hand.

It is not a constitutional right to maintain a junk yard of disabled vehicles in violation of a zoning ordinance. The court, therefore, finds no invidious or bad faith conduct on the part of the government.

As it is the burden of the defendant to prove illegal discriminatory prosecution as a defense, this burden has not been met and, therefore, this case should not be dismissed on the basis of discriminatory prosecution.

The second argument of the defense claims that there is insufficient evidence to convict the defendant because the zoning inspector could not recall the number of vehicles or the identity of the specific vehicles remaining on the premises for over thirty days. The court finds that the state is not required to prove the existence of one or more specific disabled or dismantled vehicles as being exposed for over thirty days; rather, Section 5.16 of the Madison Township Zoning Ordinances prohibits this type of material (disabled and dismantled vehicles) from being exposed upon the premises for over thirty days. It may be very difficult to prove that one specific dismantled automobile part remained exposed for thirty days. But if the government establishes that dismantled or disabled vehicles were continually exposed for over thirty days upon the premises, it matters not whether the dismantled or disabled vehicles were rotated in or out of the premises or re-arranged upon the premises. Therefore, the court rejects the second argument of the defense.

The final argument of the defense asserts that the prosecution has failed to meet its burden of proof because there is no evidence of ownership of the property in question by the defendant other than the defendant's oral admission that he owned the property and disabled vehicles.

The court rejects this final defense contention as well in that the state is permitted to offer into evidence the oral admission of a party defendant, see Evid. R. 801(D)(2) (no *Miranda* advisement is required in a minor misdemeanor case), and proof of ownership is not a criminal element of the offense. The applicable ordinance prohibits the *use* of land in the township in such manner. A tenant or licensee who leases land or who has permission to use the land can violate the zoning ordinance as well as can a landowner.

The court finds that the uncontroverted admissions of the defendant establish that he did use the premises in a manner prohibited by the zoning ordinance.

The court therefore finds that the defendant is guilty as charged.

*Judgment for plaintiff.*