## IN THE COURT OF APPEALS OF IOWA

No. 3-1209 / 13-0225
Filed February 5, 2014

STATE OF IOWA,
        Plaintiff-Appellee,

vs.

WAYNE HARRIS ANDERSEN SR.,
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Humboldt County, Kurt J. Stoebe,

Judge.

        Wayne Andersen Sr. appeals the district court's denial of his motion to

modify the term of his probation imposing travel restrictions by his probation

officer.  **AFFIRMED.**

        Jennifer Bonzer of Johnson and Bonzer, Fort Dodge, for appellant.

        Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney

General, and Jonathan Beaty, County Attorney, for appellee.

        Considered by Doyle, P.J., and Tabor and Bower, JJ.

**DOYLE, P.J.**

Wayne Andersen was convicted of two counts of delivery of a controlled substance, in violation of Iowa Code section 124.401(1)(c)(8) (2011), and one count of failure to affix a drug stamp, in violation of section 453B.12. Andersen was placed on supervised probation. One term of his probation provided he was not to leave his county of residence without the permission of his probation officer. Andersen filed a motion for hearing, challenging the condition as "arbitrary and capricious" with "no rehabilitative purpose." The State resisted.

A hearing on Andersen's motion was held, and his probation officer testified. She explained that as a part of the standard probation agreement Andersen was required to call her and let her know why he wanted to leave his county of residence. However, she testified Andersen was permitted to be in both Pocahontas and Humboldt County based upon his city of residence. This enabled him to go to his bank and the post office without first having to call for permission. Furthermore, he was not required to call for permission to travel to Webster County for grocery shopping. For activities other than normal everyday errands, she testified Andersen was to notify her of his intended travel, explaining:

> I reviewed his criminal history. I have to supervise him. He's going to be out of the county, I need to know the reasons why. He has several horrendous criminal charges, and I want to make sure I know why he's going out of town, if he can afford to go out of town, and what the reasoning is for that.

If she was not available to take a call from Andersen, he was still able to travel, but he was to leave her a message about his travel plans, and she would, at his

next probation meeting, advise him whether she would authorize such travel in the future.

She said the requirement that Andersen contact her before leaving the county was reasonably connected to the crime for which he was on probation, stating:

> When we do a risk assessment on a client when we're supervising them, we make sure that we know who they are. We make sure what their patterns are. And he is a disability at this point. He wants to go to flea markets. He wants to be self-employed. And those are things that we discuss to make sure they're something that we approve of.
>
> His charges are selling hydro. He's got a sex abuse charge. He's got a firearm charge and a theft charge. Like I said, I just got him on probation. I need to know my client, what he does and where he's going and what those reasons are for. That is part of our probation agreement.

Thereafter, the court entered its order denying Andersen's motion, finding the restriction on Andersen's travel as modified by his probation officer was reasonable. The court found Andersen

> is able to travel within his immediate county without contacting his probation officer. He is able to shop for most of his needs, obtain his mail, pay his taxes, attend court, and conduct most of his daily lifestyle without any interaction with his probation officer. The restrictions that are in place pertain to travel of over an hour and only involve advising his probation officer in advance of his intentions to travel. In light of [Andersen's] lack of a driver's license and his criminal history involving sex abuse and the sale of drugs, these restrictions are not onerous. They are also reasonably related to making sure that [Andersen] does not reengage in the sale of his prescription medication, drive without a license, or expend funds that are to be dedicated to his court obligations.

Andersen now appeals.[1]

---

[1] During the briefing process the State filed a motion to dismiss, claiming Andersen was not entitled to a direct appeal from the district court's order denying his motion to modify the terms of his probation. The supreme court denied the State's

Iowa's appellate courts employ two different standards of review when a defendant appeals from his sentence. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). "Depending upon the nature of the challenge, the standard of review is for the correction of errors at law or for an abuse of discretion." *Id.* In this case Andersen is challenging the reasonableness of a term of probation. We review that challenge for an abuse of discretion. *Id.* at 444-45. An abuse of discretion occurs where there is no support for the decision in the evidence. *Id.* at 445.

In determining whether an abuse of discretion exists, we consider the goals of sentencing (rehabilitation of the offender and protection of the community); the nature of the offense; attending circumstances; the offender's age, character, and propensity to commit crimes; and the chances of reform. *Id.* We refrain from second guessing the decision made by the district court but strive "to determine if it was unreasonable or based on untenable grounds." *Id.*

Andersen contends the district court erred in requiring him to obtain the permission of his probation officer if he wanted to leave his county of residence. He argues there is no causal connection between his convictions and the requirement that he obtain permission to travel.

Iowa Code section 907.6 allows the court to impose any reasonable condition for a defendant's probation that may "promote rehabilitation of the defendant or protection of the community." A condition of probation promotes the

---

motion to dismiss, citing two of our unpublished opinions which have acknowledged the right to a direct appeal in such situations: *State v. Hemphill*, No. 08-1129, 2009 WL 1492864 (Iowa Ct. App. May 29, 2009), and *State v. Pierce*, No. 07-0496, 2008 WL 2039314 (Iowa Ct. App. May 14, 2008). In its appellate brief, the State again argues the court "should hold that rulings modifying the terms of probation are not directly appealable, but rather may be reviewed in the court's discretion." We believe the supreme court has spoken, and we therefore address the merits of Andersen's appeal.

rehabilitation of the defendant or the protection of the community when it addresses some problem or need identified with the defendant or some threat posed to the community by the defendant. *Valin*, 724 N.W.2d at 446. It is reasonable when the statutory goals of probation are reasonably addressed. *Id.*

While the crime for which the defendant is convicted serves as the circumstance to support the condition of probation, a defendant's background and history is also relevant when determining probation conditions. *Id.* at 447. A prior conviction can provide the needed history to justify a special condition of probation where it reveals a problem currently suffered by the defendant relating to the need to rehabilitate the defendant or protect the community from the defendant. *Id.*

We agree with the district court's assessment that a sufficient nexus exists between Andersen's current and past convictions and the travel restriction condition placed upon Andersen. Here, the restriction does not prohibit Andersen from leaving the three counties in which he was given permission to move freely throughout, it merely requires he notify his probation officer of his plans and purposes to travel. We agree with the district court that this restriction is not onerous in light of the need to rehabilitate Andersen, given his past sales of prescription medication and precursors, as well as his history of sexual abuse, in conjunction with the court's duty to protect society from Andersen's illegal activities. *See State v. Rogers*, 251 N.W.2d 239, 244 (Iowa 1977) ("Probation assumes the offender can be rehabilitated without serving the suspended jail or prison sentence. But this is not to say probation is meant to be painless."). Like the district court, we find the restrictions "also reasonably related to making sure

that [Andersen] does not reengage in the sale of his prescription medication, drive without a license, or expend funds that are to be dedicated to his court obligations."  We therefore find the term of probation challenged by Andersen to be reasonable and supported by the evidence.  Accordingly, we affirm the ruling of the district court denying Andersen's request that the condition be removed.

**AFFIRMED.**