[Civ. No. 316. Third Appellate District.—May 16, 1907.]

ALICE E. HINER, Respondent, v. J. F. HINER, Appellant.

ACTION FOR MAINTENANCE—EQUITY CASE—ORDER FOR ALLOWANCE PEND-
ING SUIT—APPEAL—JURISDICTION OF SUPREME COURT—TRANSFER.—
One who has a cause of action for divorce may, without suing for
a divorce, maintain a separate cause of action for maintenance,
addressed to the equity jurisdiction of the superior court. An
appeal from an order granting an allowance pending such action
should be taken directly to the supreme court. When taken to
this court, it cannot be dismissed, but must be transferred to the
supreme court under section 4 of article VI of the constitution.

APPEAL from an order of the Superior Court of Sonoma
County granting an allowance pending an action for main-
tenance. Emmett Seawell, Judge.

The facts are stated in the opinion of the court.

J. F. Thompson, for Appellant.

J. W. Oates, for Respondent.

CHIPMAN, P. J.—Plaintiff is the wife of defendant and
brings the action for separate maintenance for herself and
three children of the marriage. The complaint alleges that
in October, 1902, plaintiff and defendant were residing to-
gether in the county of Chehalis, state of Washington, and
that in said month defendant abandoned and willfully de-
serted plaintiff and has never returned to plaintiff or to their
said residence, but still continues to abandon and desert
plaintiff; that defendant came to California shortly after
October, 1902, "and is now a *bona fide* resident of Sonoma
County"; that "plaintiff ever since October, 1902, has been
and is now a *bona fide* resident of said Chehalis County, State
of Washington"; that defendant is possessed of considerable
means, setting forth a description of property alleged to be
owned by him, and that plaintiff, when so abandoned and
deserted by defendant, was left with no means of income
and with property "of but little value and plaintiff now has

no means of support.'' Plaintiff alleges that she is in need
of $100 per month from October, 1902, thenceforth ''for her
support and for the support of her said minor children'';
that ''under the laws of the State of Washington the plaintiff
has a cause of action against defendant for a divorce.'' The·
prayer of the complaint is that it be decreed that plaintiff
''has a cause for divorce against defendant; that $100.00 per
month is a proper amount for the support of plaintiff and
her said minor children and has been ever since said desertion
of plaintiff by defendant.'' Attorney's fees are also prayed
for in the sum of $250 and $100 pending the trial of the
action and for costs and expenses of suit, and ''that the same
may be made a charge upon said land and premises,'' and
for such other relief as may be meet and proper.

Plaintiff gave notice to defendant that at a time stated she
would move the court for an order requiring defendant to
pay plaintiff $100 per month, commencing at the filing of
the complaint; also for $400 attorney's fees and $300 for
costs and expenses; that said motion would be heard upon
the pleadings and upon certain affidavits, copies of which
were served with the notice. The matter came on to be heard
upon said papers and upon counter-affidavits filed by de-
fendant, and upon the hearing the court made an order that
defendant forthwith pay $210 as and for alimony; $50 costs
of suit and $100 as attorney's fees and directed that execu-
tion issue to enforce collection of the same. The appeal is
from this order and is taken directly to this court.

Section 137 of the Civil Code provides for the payment of
alimony ''where an action for divorce is pending.'' As
amended in 1905, Statutes 1905, page 205, it also provides
further: ''When the wife has any cause of action for a di-
vorce as provided in section ninety-two of this code, she may,
without applying for a divorce, maintain in the superior court
an action against him for permanent support and maintenance
of herself or of herself and children. During the pendency
of such action the court may, in its discretion, require the
husband to pay as alimony any money necessary for the
prosecution of the action and for the support and main-
tenance, and execution may issue therefor in the discretion
of the court. The final judgment in such action may be en-
forced by the court by such order or orders as in its dis-

cretion it may from time to time deem necessary, and such order or orders may be varied, altered or revoked at the discretion of the court."

It was held in *Sharon* v. *Sharon,* 67 Cal. 185, [7 Pac. 456, 8 Pac. 709], that divorce is an action in equity within the meaning of the constitution conferring appellate jurisdiction upon the supreme court; and in *Benton* v. *Benton,* 122 Cal. 395, [55 Pac. 152], it was held that in actions for divorce, with application for alimony or allowance for support *pendente lite,* the cause of action is divorce and the support of the wife pending suit is an incident. *Hardy* v. *Hardy,* 97 Cal. 125, [31 Pac. 906], was an action for maintenance, without applying for a divorce. The statute gave the action then "when the husband willfully deserts the wife." The court said: "Proof of willful desertion by the husband is therefore an essential element in the plaintiff's cause of action." As the statute now reads we should hold it to be an essential element of the plaintiff's cause of action that the wife should show "a cause of action for divorce as provided in section 92" of the Civil Code. To do this she must appeal to the equity side of the court, and hence it would seem to follow that the action for maintenance must be addressed to the equity powers of the court. If, however, this reasoning be doubtful, the language of the section removes all doubt. The judgment contemplated is a judgment confided to the discretion of the court, and may be enforced at its discretion by order or orders, and these orders may with like discretion be varied, altered or revoked. Clearly a jury trial could not be demanded to assess an amount which rests wholly within the discretion of the court, and which may, upon cause shown, be taken away by the court.

The supreme court is given appellate jurisdiction "in all cases of equity, except such as arise in justice's court." (Const., art. VI, sec. 4.) The appeal, in our opinion, should have been taken directly to the supreme court and not to this court. By the same section it is provided that where the appeal is not taken to the proper court it shall not be dismissed, "but the cause shall be transferred to the proper court upon such terms as to costs or otherwise as may be just, and shall be proceeded with therein as if regularly appealed thereto."

It is therefore ordered that the cause be transferred to the supreme court, the costs to attend the final disposition thereof by that court.

Burnett, J., and Hart, J., concurred.