[Crim. No. 17473. In Bank. July 9, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
JOAN DIANE AMOR, Defendant and Appellant.

## COUNSEL

Richard S. Buckley, Public Defender, Harold E. Shabo, Howard Price and Herbert M. Barish, Deputy Public Defenders, for Defendant and Appellant.

Charles C. Marson, Joseph Remcho, Peter E. Sheehan, Deborah Hinkel, Toby Sherwood, Terry J. Hatter, Jr., Philip L. Goar and Fred Okrand as Amici Curiae on behalf of Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., and Jack R. Winkler, Chief Assistant Attorneys General, William E. James and S. Clark Moore, Assistant Attorneys General, Howard J. Schwab and Russell Iungerich, Deputy Attorneys General, for Plaintiff and Respondent.

Robert G. Berrey, County Counsel (San Diego), and Lloyd M. Harmon, Jr., Deputy County Counsel, as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**McCOMB, J.**—Defendant appeals from an order requiring her to pay the County of Los Angeles the sum of $50 for services of counsel appointed to represent her in a criminal prosecution.

*Facts*: Defendant was charged with the crime of felony hit and run, in violation of section 20001 of the Vehicle Code. On July 19, 1972, the public defender was appointed to represent her, and she at that time signed an acknowledgment that she had received a written "Notice of Responsibility for Payment of Appointed Counsel and Right to Hearing (987.8 Penal Code of California)."

Defendant pleaded not guilty; and by stipulation the case was submitted on the transcript of the preliminary hearing, with the understanding that she would be found guilty of violating section 21801 of the Vehicle Code, a lesser included offense. On November 9, 1972, defendant was given a suspended 30-day jail sentence and placed on probation for one year on condition that she pay a $125 fine and a $35 penalty assessment. Of the $160, $50 was to be paid immediately and the balance in 60 days, probation to terminate on full payment.

On December 12, 1972, defendant executed a financial statement showing that she was employed as a legal secretary at a salary of $650 per month, was paying $195 per month rent, and owed $50 on her 1962 Oldsmobile, $415 on five charge accounts, and $160 on her fine and penalty. Ten days later, on December 21, the court held a hearing, at which it found that the reasonable value of the public defender's services was $100 and that defendant had the financial ability to pay $50. The court, accordingly, ordered defendant to pay $50 within 60 days, under section 987.8 of the Penal Code.

Section 987.8 provides that upon the conclusion of a criminal proceeding in which the defendant was furnished counsel, the trial court shall determine the defendant's "present ability" to pay all or part of the cost of counsel and shall order reimbursement in accordance with any affirmative finding of ability to pay. The order may be enforced by execution as on a civil judgment but not by contempt.[1]

■ *Questions*: First. *Does section 987.8 of the Penal Code place an unconstitutional burden on the right to counsel in criminal proceedings?*

*No.* Defendant contends that section 987.8 is unconstitutional, on the ground that it has a chilling effect upon an accused's right to counsel. She argues that a deprivation of the right to counsel may result, because the possibility under the statute that a defendant will be ordered to pay all or part of his counsel fees may cause him to decline counsel rather than run the risk of being required to pay counsel fees in an unknown amount. Under this theory, however, any defendant, indigent or not indigent, who elected to enter a guilty plea in order to save counsel fees would have been deprived of his right to counsel. If such a theory were sound, it would result in the practical elimination of the fee system with respect to the defense of criminal prosecutions.

In urging her contention, defendant relies principally upon *In re Allen,* 71 Cal.2d 388 [78 Cal.Rptr. 207, 455 P.2d 143]. In *Allen,* this court held that probation may not be conditioned on a requirement that the defendant reimburse the county for the services of court-appointed counsel. *Allen,* however, is distinguishable from the present case. In *Allen,* there is justification for concluding that the petitioner would have been penalized for exercising a constitutional right, because not only would she have been liable for payment of the entire fee paid to counsel for representing her, without a finding that she had the financial ability to make payment and with no warning that she might be held so liable, but she could have been imprisoned if she failed to pay the fee, payment thereof being one of the conditions of her probation.

---

[1] Section 987.8 reads: "In any case in which a defendant is furnished counsel, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, the court shall make a determination of the present ability of the defendant to pay all or a portion of the cost of counsel. If the court determines that the defendant has the present ability to pay all or part of the cost, it shall order him to pay the sum to the county in any installments and manner which it believes reasonable and compatible with his financial ability. Execution may be issued on the order in the same manner as on a judgment in a civil action. The order shall not be enforced by contempt."

Here, on the other hand, the defendant, who had been forewarned that she might be held liable for payment of the fee for her appointed counsel, or part of it, was ordered to pay only that part which the court determined she had the financial ability to pay; and under the statute, since execution was issuable only as on a judgment in a civil action, she could not have been imprisoned for nonpayment. (Cal. Const., art. I, § 15.)

In *In re Rickey H.,* 2 Cal.3d 513 [86 Cal.Rptr. 76, 468 P.2d 204], we distinguished the matter there involved from *Allen,* saying at page 524 (11b): "The considerations which impelled us to strike down the probation condition in *Allen* do not require us to invalidate section 903.1 [Welf. & Inst. Code]. Unlike the petitioner in *Allen,* petitioner herein [a minor] was advised in advance that his father could be charged with the cost of appointed counsel, and petitioner does not claim that the fee involved was unreasonable or excessive. Moreover, in the instant case no unfair or unnecessary threat was made to withhold probation or other privileges unless counsel fees were reimbursed." The same factors are here applicable.

Additionally, determination of the conditions of probation constitutes part of the sentencing process. In *Allen,* therefore, the order directing the petitioner to reimburse the county for the cost of counsel fees was made as part of the sentencing process. As pointed out by this court in *Allen,* "[T]he introduction of budgeting considerations could well divert or dilute the attention which the judge must give to the specific considerations which the law requires him to have in mind in the sentencing process." (P. 394 of 71 Cal.2d.) The determination in the present case, however, was made only after conclusion of the criminal proceedings. Hence, any consideration to "budgeting" would not have occurred until the sentencing process had been completed.

There is no more reason to suppose that an indigent defendant will refuse counsel because he may later be ordered to pay his counsel fees, to the extent it is determined he has the financial ability to do so at the conclusion of the criminal proceedings, than there is to suppose that some defendants who are not indigent will refuse counsel because of an unwillingness to incur a counsel fee. It is quite possible that a defendant who would not qualify as an indigent may have such limited resources, or restrict himself, to such an extent with respect to the expenditure of his funds, that the factor of liability for counsel fees might prompt him, in a case where counsel is not required, to enter a guilty plea in order to save counsel fees; but if he elects to enter a guilty plea for that reason, such election, based largely on economic factors, could nevertheless not be said to result in his being deprived of the right to counsel. The option

to be represented by counsel would have been his, with the right to give such priority as he wished to the economic or other factors involved.

The principle of recoupment for the cost of providing court-appointed counsel has been approved by the Supreme Court of the United States, which in *Rinaldi* v. *Yeager,* 384 U.S. 305, 309 [16 L.Ed.2d 577, 580, 86 S.Ct. 1497], stated, "We may assume that a legislature could validly provide for replenishing a county treasury from the pockets of those who have directly benefited from county expenditures."

Likewise, in *James* v. *Strange,* 407 U.S. 128, 141 [32 L.Ed.2d 600, 610-611, 92 S.Ct. 2027], it is said: "We note here also that the state interests represented by recoupment laws may prove important ones. Recoupment proceedings may protect the State from fraudulent concealment of assets and false assertions of indigency. Many States, moreover, face expanding criminal dockets, and this Court has required appointed counsel for indigents in widening classes of cases and stages of prosecution. Such trends have heightened the burden on public revenues, and recoupment laws reflect legislative efforts to recover some of the added costs. Finally, federal dominance of the Nation's major revenue sources has encouraged State and local governments to seek new methods of conserving public funds, not only through the recoupment of indigents' counsel fees but of other forms of public assistance as well."

Recoupment statutes have been declared unconstitutional if they arbitrarily discriminate against indigents as a class (*James* v. *Strange, supra,* 407 U.S. 128) or against a subclass such as indigents sentenced to state prison (*Rinaldi* v. *Yeager, supra,* 384 U.S. 305). No such infirmity, however, exists with respect to the subject statute.

Finally, we note that any question as to the validity of section 987.8 under the United States Constitution, at least as applied to convicted defendants, was laid to rest in the recent decision of the United States Supreme Court in *Fuller* v. *Oregon* (1974) 417 U.S. 40 [40 L.Ed.2d 642, 94 S.Ct. 2116].

■ Second. *Does section 987.8 of the Penal Code place an impermissible burden on the exercise of a defendant's constitutional right to a jury trial or act as a deterrent to effective representation by counsel?*

*No.* Defendant argues that the fees of counsel for services rendered in a jury trial are higher than they would be for services rendered in a nonjury trial and that therefore a defendant for whom counsel has been appointed would, because of the possibility that he would be charged with the fee

or part of it, be discouraged from seeking a jury trial and that, as a result, section 987.8 places a condition upon his exercise of a constitutional right.

This argument would be more forceful with respect to a nonindigent defendant who possessed limited resources, but who employed counsel and knew that he would be liable for the full amount of the fees charged by his counsel, than with respect to a defendant for whom counsel is appointed and who will be required to pay only that part of the counsel's fees which the court determines he has the financial ability to pay. In any event, there is no merit to defendant's contention because it is not required that no burden at all be placed on a defendant's constitutional rights; it is only an excessive burden that is impermissible, and no excessive burden has been shown here. For instance, it is obvious that the danger of impeachment by evidence of a prior felony conviction places a heavy burden on a previously convicted defendant's exercise of his right to testify in his own behalf. It is nevertheless settled that such burden on the right to testify in one's own behalf does not deny the defendant due process or infringe on his right to call witnesses to testify on his behalf. (*People* v. *Beagle,* 6 Cal.3d 441, 453-454 [99 Cal.Rptr. 313, 492 P.2d 1]; *People* v. *Modesto,* 62 Cal.2d 436, 453-454 [42 Cal.Rptr. 417, 398 P.2d 753].) The burden which defendant suggests exists here is clearly no more excessive than the example given.

Defendant further argues that section 987.8 acts as a deterrent to effective representation by counsel, because, in order to avoid increasing the costs which may ultimately be recouped from his client, counsel may not thoroughly investigate or prepare his client's case. The primary responsibility of appointed counsel is to see that the accused receives an adequate defense; and defendant's argument assumes, with no reasonable basis for the assumption, that counsel will not ethically meet such responsibility.

█ Third. *Does the fact that acquitted defendants may be required to reimburse the county under section 987.8 of the Penal Code for counsel fees result in a denial of due process?*

*No.* To begin with, defendant was not acquitted, and her right to raise this issue is questionable. In any event, no *punishment* of acquitted defendants is authorized by section 987.8. Requiring that a defendant, to the extent that he has the financial ability to do so, reimburse the county for services received does not constitute punishment by any definition ordinarily ascribed to such term. Furthermore, as hereinabove indicated, under the statute the burden of reimbursement is placed upon all indigent de-

fendants according to their ability to pay, and there is no singling out of acquitted defendants.

■ Fourth: *Does section 987.8 of the Penal Code operate to deprive a defendant of property without due process of law?*

*No.* Notice which will satisfy the requirements of due process has been defined by the Supreme Court of the United States, as follows: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (*Mullane* v. *Central Hanover Tr. Co.,* 339 U.S. 306, 314 [94 L.Ed. 865, 873, 70 S.Ct. 652].) Defendant was given notice which unquestionably met these requirements. She contends, however, that since section 987.8 does not *require* notice or a hearing on the fixing of counsel fees, it permits a taking of property without due process of law and is therefore unconstitutional.

It should be noted, initially, that section 987.8 does not expressly sanction the taking of property without affording its owner prior notice and a hearing, as was the case in *Sniadach* v. *Family Finance Corp.,* 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820]; *Randone* v. *Appellate Department,* 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13]; *Blair* v. *Pitchess,* 5 Cal.3d 258 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206]; *McCallop* v. *Carberry,* 1 Cal.3d 903 [83 Cal.Rptr. 666, 464 P.2d 122]; and *Cline* v. *Credit Bureau of Santa Clara Valley,* 1 Cal.3d 908 [83 Cal.Rptr. 669, 464 P.2d 125]. The statutes there involved were held unconstitutional because of such defect. The statute here under consideration, however, although not providing by its express terms for prior notice and a hearing, does not sanction imposition of liability without the procedural requisites of due process.

In *People* v. *Vickers,* 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313], this court recently had occasion to consider the question of whether due process requirements had been met in connection with a summary termination of probationary status in the case of an absconding probationer. We there discussed in detail the due process requirements mandated by *Morrissey* v. *Brewer,* 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], and pointed out that the statutory provision applicable in *Vickers* (Pen. Code, § 1203.2) "provides for some but not all of the minimum due process requirements necessary to conform such proceedings to Fourteenth Amendment proscriptions" (p. 458) and "fails to meet several of the mandatory requirements of due process as set out in *Morrissey* and as now held by us to be applicable in probation revocation proceedings" (p. 459).

Just as the Supreme Court of the United States in *Morrissey* did not hold the Iowa statute there involved unconstitutional on the ground that it did not expressly provide for notice or a hearing, we did not hold the statutory provision under consideration in *Vickers* unconstitutional on the ground that it did not specifically spell out all the requirements for due process thereunder. The important factor in each instance was determined to be whether the minimum requirements for due process had been satisfied—not whether they were statutorily required.

It is settled that "[s]tatutes are to be so construed, if their language permits, as to render them valid and constitutional rather than invalid and unconstitutional" (*Erlich* v. *Municipal Court,* 55 Cal.2d 553, 558 [1] [11 Cal.Rptr. 758, 360 P.2d 334]) and that California courts must adopt an interpretation of a statutory provision which, "consistent with the statutory language and purpose, eliminates doubt as to the provision's constitutionality" (*In re Kay,* 1 Cal.3d 930, 942 (5) [83 Cal.Rptr. 686, 464 P.2d 142]).

Under the circumstances, since the proceedings against defendant comported with due process requirements, and the statute did not expressly sanction the taking of her property without compliance with such requirements, we hold that defendant was not deprived of her constitutional right to due process and that the fact that the statute does not expressly provide for notice and a hearing does not render it unconstitutional. Furthermore, not only may the requirements of notice and a hearing be implied from the due process clause, but, in addition, the rights to discovery, confrontation, cross-examination, and other procedural devices may likewise be implied.

An objection has also been raised that section 987.8 of the Penal Code lacks adequate standards for the imposition of liability and is unconstitutionally vague. As pointed out in *People* v. *Ferry,* 237 Cal.App.2d 880, 887 [47 Cal.Rptr. 324], however, the standard to be applied in determining whether a defendant is indigent, and thus entitled to representation by the public defender, is flexible.

Fifth. *Is section 987.8 of the Penal Code unconstitutional on the ground that it does not permit the right to a trial by jury on the issue of the amount owed?*

*No.* The statute provides that "*upon conclusion of the criminal proceedings in the trial court,* the court shall make a determination of the present ability of the defendant to pay all or a portion of the cost of [appointed] counsel." (Italics added.) Thus, the determination is made in what

constitutes a special proceeding, and it is settled that a jury cannot be demanded as a matter of law in a special proceeding unless it is expressly made available by statute. (*Taliaferro* v. *Hoogs,* 236 Cal.App.2d 521, 529 [8] [46 Cal.Rptr. 147].) *Taliaferro* involved a special proceeding to require a "vexatious" litigant to provide security for costs and hence is analogous to the instant matter. The present matter, it should be noted, is not a lawsuit in which an attorney is suing for the amount allegedly owing to him as a fee for his services, but, rather, a proceeding in which the trial court is given discretion to determine whether a defendant who has had the benefit of the services of appointed counsel has the financial ability to pay part or all of the cost thereof. Thus, the following statement from *Hiner* v. *Hiner,* 5 Cal.App. 546, 548 [90 P. 957], is applicable: "Clearly a jury trial could not be demanded to assess an amount which rests wholly within the discretion of the court . . . ."

Furthermore, as stated by this court in *People* v. *One 1941 Chevrolet Coupe,* 37 Cal.2d 283, 286-287 [3] [231 P.2d 832], "The right to trial by jury guaranteed by the Constitution is the right as it existed at common law at the time the Constitution was adopted." At that time, the common law did not provide for the awarding of costs or attorney's fees to either party, and consequently the jury did not have the power to assess counsel fees. (*Day* v. *Woodworth,* 54 U.S. (13 How.) 363 [14 L.Ed. 181].)

Section 987.8 does not constitute an isolated instance where the amount of an attorney's fees is subject to be fixed by the court alone. For example, under section 3248 of the Civil Code a payment bond for public works must provide that where a suit is brought on such a bond after a failure of the original contractor or his subcontractor to make certain payments, the surety or sureties will pay, among other things, "a reasonable attorney's fee, *to be fixed by the court.*" (Italics added.)

■ Sixth. *Does section 987.8 of the Penal Code deny indigents equal protection of the laws?*

*No.* It is contended that section 987.8 violates the equal protection clause, on the ground that it is applicable only to indigents; but there is no merit to this contention.

Only persons who in the initial stages of a criminal prosecution are classified as indigents receive appointed counsel. Of those persons, only those who at the conclusion of the criminal proceedings are found to have the financial ability to pay their counsel fees, or a part thereof, are ordered to make payment, and then only to the extent the court determines that they have such ability to pay. Under the statute, indigent defendants have

the same rights with respect to the fixing of attorney's fees as civil litigants generally. In addition to having authority with respect to fixing fees for indigent defendants where counsel has been appointed in criminal matters, as hereinabove discussed, the trial judge is regarded as competent from his own knowledge of legal practice to fix the amount of attorney's fees to be paid to or by civil litigants when there is entitlement thereto. (See *Spencer* v. *Harmon Enterprises, Inc.,* 234 Cal.App.2d 614, 621 [1] [44 Cal.Rptr. 683]; *Mason* v. *U.S. Fid. & Guar. Co.,* 60 Cal.App.2d 587, 594 [7] [141 P.2d 475].)

It has been suggested that a denial of equal protection results because section 987.8 does not require a hearing identical to that required for civil litigants under *Randone* v. *Appellate Department, supra,* 5 Cal.3d 536; and *Blair* v. *Pitchess, supra,* 5 Cal.3d 258. ■ However, as stated by this court in *In re Ricky H., supra,* 2 Cal.3d 513, 522 (9), "Although statutes which affect a particular class must be based upon rational distinctions or classifications [citation], there is no constitutional requirement of uniform treatment [citation]."

■ On the record before us, we find that the notice and hearing given to defendant before the determination was made that she had the financial ability to pay $50 of the $100 found to be reasonable for her appointed counsel's fee constitute the substantial equivalent of the notice and hearing required in other civil judgment debtor proceedings. As a result, defendant is on an equal footing with other civil litigants and cannot · complain that she has been denied equal protection of the laws.

The statute, it will be recalled, specifically provides that the order may be enforced by execution as on a judgment in a civil action but not by contempt. Accordingly, the unequal treatment condemned by the Supreme Court of the United States in *James* v. *Strange, supra,* 407 U.S. 128, in which the indigent defendant was deprived of most of the exemptions of a normal civil debtor, does not exist here.

The order is affirmed.

Wright, C. J., Tobriner, J., Mosk, J., and Burke, J., concurred.

Appellant's petition for a rehearing was denied August 7, 1974.