[Civ. No. 27909. Fourth Dist., Div. Two. Dec. 7, 1982.]

In re ELIZABETH S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ELIZABETH S., Defendant and Appellant.

## COUNSEL

Michael B. Lewis, Acting Public Defender, and Richard P. Siref, Deputy Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and A. Wells Petersen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—A juvenile court petition (Welf. & Inst. Code, § 602) charged Elizabeth S., a minor, with three acts of burglary (Pen. Code, § 459). The minor admitted one act of burglary as a misdemeanor (see Pen. Code, § 17, subd. (b)) and the other allegations were dismissed pursuant to a negotiated plea. The minor was declared a ward of the court, placed with a probation officer, and released to the custody of her mother on various conditions, including completion of a term of 19 to 40 days in juvenile hall and payment of $50 to reimburse the county for the services of the deputy public defender who represented her. The minor's appeal challenges only the condition that she reimburse the county for the costs of her legal representation.

The minor relies on *In re Allen* (1969) 71 Cal.2d 388 [78 Cal.Rptr. 207, 455 P.2d 143], which held invalid a condition of probation requiring an adult defendant to reimburse the county for court-appointed counsel in a criminal proceeding. The rationale of the decision was that the condition would "chill" exercise of the constitutionally guaranteed right to counsel because knowledge that reimbursement could be required as a condition of probation "is quite likely to deter or discourage many defendants from accepting the offer of counsel despite the gravity of the need for such representation." (At p. 391.) The court

---

\*Before Morris, P. J., Kaufman, J., and McDaniel, J.

concluded that "the imposition of the condition under attack constitutes an impediment to the free exercise of a right guaranteed by the Sixth Amendment to the Constitution and as with respect to other impediments or forms of compulsion against the exercise of such rights may not be permitted by the courts." (At pp. 391-392.)

The reasoning of the decision was criticized in a law review note which observed that the chilling effect of the reimbursement provision was no greater than the chilling effect facing nonindigent defendants who must pay the cost of their legal representation. Carried to its logical conclusion, the reasoning of *Allen* would require the state to provide free counsel to all defendants who would be in any way inconvenienced if required to pay the cost of their own representation. (Note (1970) 58 Cal.L.Rev. 255, 259.)

When faced with a statute requiring the *parents* of a minor to reimburse the county for the cost of appointed counsel representing their child in juvenile court proceedings, our Supreme Court concluded that *Allen* was distinguishable: "In *Allen,* the chilling effect of the probation condition was unnecessary and excessive. Although the county may have had a legitimate interest in obtaining reimbursement from persons with an ability to repay counsel costs, that interest could have been promoted without duress, without threatening to withhold or suspend valuable probation privileges. The court in *United States* v. *Jackson, supra,* 390 U.S. 570, 582-583 [20 L.Ed.2d 138, 147-148, 88 S.Ct. 1209], cited as controlling in *Allen,* suggested that the existence of reasonable alternative procedures for accomplishing valid state purposes is a significant factor in determining whether statutory provisions needlessly chill the exercise of constitutional rights." (*In re Ricky H.* (1970) 2 Cal.3d 513, 524 [86 Cal.Rptr. 76, 468 P.2d 204].) Recognizing that a minor might forego representation to avoid the expense to the parents, the court concluded that a waiver of counsel was invalid and should not be honored if it appeared the decision was made "to avoid or reduce parental pressure or displeasure." (*Id.,* at p. 525.) With the minor's right to counsel thus protected, the court indicated that the law requiring the parents to pay their child's counsel fee was valid. (*Id.,* at p. 524.)

In *Fuller* v. *Oregon* (1974) 417 U.S. 40 [40 L.Ed.2d 642, 94 S.Ct. 2116], the United States Supreme Court ruled that a state could constitutionally require a person convicted of a criminal offense to repay the costs of representation as a condition of probation if the court found, at the time of making the order, that the defendant was able to pay the specified amount. In reaching this result the court rejected the logic of *In re Allen,* stating that "this reasoning is wide of the constitutional mark." (*Fuller* v. *Oregon, supra,* 417 U.S. at p. 52 [40 L.Ed.2d at p. 653].) "A defendant in a criminal case who is just above the line separating the indigent from the nonindigent must borrow money, sell off his

meager assets, or call upon his family or friends in order to hire a lawyer. We cannot say that the Constitution requires that those only slightly poorer must remain forever immune from any obligation to shoulder the expenses of their legal defense, even when they are able to pay without hardship." (*Id.,* at pp. 53-54 [40 L.Ed.2d at p. 655].)[1]

The issue was again before our Supreme Court when it was called upon to decide the constitutionality of Penal Code section 987.8, enacted in 1971, which permitted the trial court, upon the conclusion of criminal proceedings, to order a defendant to pay the cost of state-provided legal representation in whole or in part if it determined that the defendant had the present ability to do so. Concluding that the statute was constitutional, the court again distinguished *Allen:* "In *Allen,* there is justification for concluding that the petitioner would have been penalized for exercising a constitutional right, because not only would she have been liable for payment of the entire fee paid to counsel for representing her, without a finding that she had the financial ability to make payment and with no warning that she might be held so liable, but she could have been imprisoned if she failed to pay the fee, payment thereof being one of the conditions of her probation. [¶] Here, on the other hand, the defendant, who had been forewarned that she might be held liable for payment of the fee for her appointed counsel, or part of it, was ordered to pay only that part which the court determined she had the financial ability to pay; and under the statute, since execution was issuable only as on a judgment in a civil action, she could not have been imprisoned for nonpayment." (*People* v. *Amor* (1974) 12 Cal.3d 20, 25-26 [114 Cal.Rptr. 765, 523 P.2d 1173].) The court also noted that "any question as to the validity of section 987.8 under the United States Constitution, at least as applied to convicted defendants, was laid to rest in the recent decision of the United States Supreme Court in *Fuller* v. *Oregon* . . . ." (*Id.,* at p. 27.)

■ The present status of the question appears to be that reimbursement may be imposed as a condition of probation without violating the federal Constitution provided there are adequate procedural safeguards to ensure that the amount demanded is within the defendant's ability to pay. Under both federal and state law, reimbursement may be ordered in an amount which the defendant has the ability to pay if the order is enforceable only as a civil judgment. Despite the criticism in *Fuller,* however, *Allen* has not been over-

---

[1] The same point was made by Justice Douglas in his concurring opinion: "Repayment cannot be required until a defendant is able to pay the costs, and probation cannot be revoked for nonpayment unless there is a specific finding that payment would not work hardship on a defendant or his family. Under these circumstances, the 'chill' on the exercise of the right to counsel is no greater than that imposed on a nonindigent defendant without great sums of money. Even though such a defendant can afford counsel, he might well be more ready to accept free appointed counsel than to retain counsel himself. Yet a State is not therefore required by the Federal Constitution to provide appointed counsel for nonindigent defendants." (417 U.S. p. 56 [40 L.Ed. 2d p. 656], fn. omitted.)

ruled and in fact the court in *Amor* stated that the conclusion reached in *Allen* was justified. The court in *Amor* stressed, as it had in *Ricky H.*, that violation of the reimbursement provision would result in imprisonment. Despite its checkered history, therefore, we think that *Allen* still stands for the proposition that imposing reimbursement as a condition of probation is absolutely prohibited in California courts.[2] As an intermediate appellate court, we are bound to follow *Allen* until our Supreme Court instructs otherwise.

In the present case, the court required the minor to pay $50 as a condition for releasing her to her mother's custody. *Allen* may not be distinguished on the basis that this is a juvenile court proceeding because the right to counsel is guaranteed in such proceedings. We note also that the record contains no inquiry and no finding that the minor was able to pay $50.

Respondent raises a number of arguments, none of which we find persuasive.

Noting that the minor was not advised when counsel was appointed that she might be required to pay for his services, and that this was a negotiated disposition, respondent argues there is a lack of proof that the minor's exercise of her right to counsel was discouraged or deterred. Similar arguments were rejected in *Allen,* where the court assumed that the practice of requiring reimbursement was or would become common knowledge among criminal defendants. In fact, a lack of notice would raise a separate due process issue, which was alluded to in *Allen* and *Amor.* The negotiated disposition does not establish a lack of chilling effect but instead raises the possibility that the minor wanted to avoid additional counsel fees incident to a contested jurisdictional hearing.

Respondent states that the amount ordered "could not come close to the actual attorney costs." We fail to see the relevance of the observation which, in any event, is not supported by the record. The trial court selected the figure after receiving an estimate from the deputy public defender of one hour spent on the case. The court made an express finding that $50 was the cost to the county of the deputy's services on behalf of the minor.

Respondent argues that the condition was like a fine and would be enforceable only as a civil judgment and not by further incarceration in juvenile hall. Respondent cites as authority for this argument two Attorney General opinions, one stating that failure to pay a fine imposed for a criminal infraction is not punishable by incarceration and the other discussing Penal Code section 987.8, which was upheld in *Amor.* Neither opinion supports respondent's argument. The record clearly indicates that reimbursement was imposed as one of the conditions of the minor's release to the custody of her mother. Violation of

---

[2]Presumably the source of this prohibition is the right to counsel guaranteed by section 15 of article I of our state Constitution.

any of these conditions could result in a more restrictive placement and thus a significant loss of liberty.

Finally, respondent argues that the minor's right to counsel could be adequately protected by refusing to honor a counsel waiver motivated by a desire to avoid incurring liability for reimbursement. The authority given for this argument is *In re Ricky H., supra,* 2 Cal.3d 513. The answer to the argument is that the court in *Allen* could have taken the same approach but did not and we are bound by *Allen.*

The court did not impose any fine on the minor, although it clearly had the authority to do so. As the reimbursement condition may have been in lieu of a fine, we will remand the case so that the trial court will have an opportunity to determine whether a fine should be imposed.

The judgment is modified by striking the condition of reimbursement for legal representation and the matter is remanded for the limited purpose of imposing a fine if the court after hearing determines that a fine would be appropriate. In all other respects, the judgment is affirmed.