Filed 11/25/13  P. v Klinger CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN BRETT KLINGER,<br><br>    Defendant and Appellant. | C070403<br><br>(Super. Ct. No. 72007562) |

Pursuant to a negotiated plea agreement and while represented by appointed legal counsel, defendant Stephen Brett Klinger pled no contest to one count of inflicting corporal injury on a spouse.  (Pen. Code, § 273.5, subd. (a).)[1]  The trial court suspended imposition of sentence, granted defendant formal probation, and imposed various fines and fees.

On appeal, defendant contends the trial court erred in failing to conduct a *Marsden*[2] hearing.  Defendant also challenges the imposition of a $296 booking fee (Gov. Code, § 29550.2), a $120 probation supervision fee (§ 1203.1b), a $40 court security fee (§ 1465.8), and a $30 court facilities assessment (Gov. Code, § 70373).

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

1

We conclude defendant waived any error as to the *Marsden* issue by entering his no contest plea. Thus, we affirm defendant's conviction. However, we conclude the judgment must be reversed and remanded for the trial court to conduct a hearing on defendant's ability to pay a booking fee and a probation supervision fee. On remand, the trial court shall also modify its order imposing fees to clarify that the court security fee and court facilities assessment are not conditions of probation.

## BACKGROUND

In entering the plea agreement, defendant stipulated Placer County Sheriff's Department report numbers S0119699 and S0119363 provided the factual basis for the plea to inflicting corporal injury on his wife, Jennifer Klinger. The facts of the offense are not at issue on appeal.

## DISCUSSION

### I

### *Marsden Challenge*

Defendant contends the trial court erred in failing to conduct a *Marsden* hearing to substitute legal counsel for purposes of preparing a motion to withdraw his plea. We reject the contention.

### A.

### *Procedural History on Marsden Issue*

On January 10, 2012, defendant stated in open court: "I would kind of like a different public defender myself." However, defendant never asked for a *Marsden* hearing or to demonstrate specific grounds why defense counsel should be relieved.

On January 23, 2012, defendant was represented by Placer County Deputy Public Defender Barry W. Jones when he pled no contest to one count of felony infliction of corporal injury on a spouse. Based on the plea, the trial court suspended imposition of sentence, granted defendant formal probation, and imposed various fines and fees.

2

On February 7, 2012, two weeks after entry of his plea, defendant returned to court to provide proof of enrollment in an in-patient program. During the status hearing, defendant informed the court: "I talked to [another attorney] Osborne, and Osborne was supposed to be here because I asked for a Marsden and you granted that and I never got my hearing and therefore Osborne was supposed to be here at 1:30 and he wasn't here and neither was Barry Jones."

The matter was continued for two days when defendant again asserted he "was granted a Marsden" but the hearing was never conducted. The following exchange occurred:

"THE COURT: Well, it's moot. I mean your case is over with us except you're on probation. We'll be monitoring your probation. I don't know if you want to file a motion to withdraw your plea, if that's what you're talking about. But I can't have a Marsden hearing for an attorney you don't have.

"THE DEFENDANT: Well, I had Barry.

"THE COURT: I know you had [Public Defender] Jones. But your case is complete now.

"THE DEFENDANT: I wasn't aware of that. The date before I got sentenced I asked for a Marsden and you said that that would be fine and you wrote down I could get a Marsden."

The court then inquired whether defendant was trying to withdraw his plea, and defendant answered affirmatively. The court then informed him that he would have to file a motion to withdraw the plea. The record does not indicate defendant ever filed a motion for withdrawal of his plea.

**B.**

***The Effect of a No Contest Plea on a Previously Made Marsden Motion***

In the absence of a contention that the plea was not intelligently and voluntarily made or that defense counsel provided inadequate legal advice concerning a plea, a

3

defendant waives any argument to challenge the denial of a *Marsden* hearing by entering a plea of no contest. (*People v. Lobaugh* (1987) 188 Cal.App.3d 780, 786 (*Lobaugh*).) In *Lobaugh*, this court addressed defendant's challenge to an unsuccessful *Marsden* motion he had made prior to entry of a guilty plea. (*Ibid.*) We deemed the issue to have been waived and explained: "These arguments are not cognizable for the same reason as [defendant's] complaint about sufficiency of the evidence to support the sentence on the firearm use, i.e., any errors were waived by his guilty plea. Defendant makes no contention here that his guilty plea was not intelligently and voluntarily made. Nor does defendant urge that the advice he received from counsel was inappropriate concerning his plea resulting in the plea not being intelligently and voluntarily made. The claimed *Marsden* error does not go to the legality of the proceedings resulting in the plea. (§ 1237.5; *People v. DeVaughn* [(1977)] 18 Cal.3d [889,] 895–896; [*People v.*] *Turner* [(1985)] 171 Cal.App.3d [116,] 125–126.) The defendant is thus foreclosed from raising that issue on appeal." (*Lobaugh*, at p. 786.)

Even if the defendant obtains a certificate of probable cause, as defendant did in this case, the issue remains noncognizable on appeal. (*People v. Lovings* (2004) 118 Cal.App.4th 1305, 1311 (*Lovings*).)

## C.

### *Defendant Waived the Marsden Issue by Pleading No Contest*

Defendant frames the *Marsden* issue as pertaining to his representation regarding a withdrawal of plea motion. However, the record refutes the contention. Defendant brought up his *Marsden* motions on February 7 and 9, 2012, *before* any mention of a change of plea motion. Moreover, defendant addressed his *Marsden* motion only as it related to Jones – who did not represent defendant after entry of the plea. Consequently,

4

defendant's reference to his *Marsden* motion pertained solely to his statement about wanting another attorney prior to entry of his plea.[3]

Although defendant's issue concerns a pre-plea *Marsden* request, he does not argue that his plea was not knowingly or voluntarily made or that he received inadequate legal advice prior to pleading no contest. Accordingly, defendant's entry of a no-contest plea waived any challenge to the failure to conduct a *Marsden* hearing prior to entry of the plea. (*Lovings*, *supra*, 118 Cal.App.4th at p. 1311; *Lobaugh*, *supra*, 188 Cal.App.3d at p. 786.)

## II

### *Imposition of Fees*

Defendant contends, and the People concede, that the trial court erred in imposing a booking fee (Gov. Code, § 29550.2), a probation supervision fee (§ 1203.1b), a court security fee (§ 1465.8), and a court facilities assessment (Gov. Code, § 70373). We agree imposition of the fees must be reversed and remanded for the trial court to (1) conduct a hearing on defendant's ability to pay a booking fee and a probation supervision fee and (2) modify its order to clarify that the court security fee and court facilities assessment are not conditions of probation.

### A.

### *Hearing on Imposition of Fees*

After entering a plea of no contest, defendant waived the preparation of a probation report and agreed to immediate sentencing. The trial court suspended imposition of sentence but ordered defendant to pay fines and fees as follows:

---

[3]     Based on our conclusion defendant has waived his *Marsden* challenge, we need not address whether his original statement constituted an unequivocal request for substitution of counsel so the trial court's duty to conduct a *Marsden* hearing was triggered.

5

"THE COURT: . . . So, I'll impose $240 state restitution fund fine. An additional $240 that will be stayed pending successful completion of probation. $40 court operation fee. $30 criminal assessment fee. I will find that you have the ability to pay probation supervision fees, and the payments on that will be stayed until 60 days from your release from the inpatient program.

"THE DEFENDANT: So I have to pay those fines? I don't have any money.

"THE COURT: Payment on all fines and fees are stayed until 60 days after you get out of the inpatient program. So then you can contact Revenue Services and set up a payment schedule. [¶] Do you have any children with [the victim]?

"THE DEFENDANT: Yeah.

"THE COURT: I will find that he has the ability to pay probation fees.

"[Defense counsel]: He's on Social Security.

"THE COURT: How about $2 per month. $296 booking fee."

As this colloquy shows, both defendant and his attorney made timely objections to the imposition of the fines based on inability to pay.

## B.

### *Defendant's Ability to Pay*

Government Code section 29550.2, subdivision (a), provides: "If the person has the ability to pay, a judgment of conviction shall contain an order for payment of the [booking fee]." Thus, "defendant had the right to a determination of his ability to pay the booking fee before the court ordered payment." (*People v. McCullough* (2013) 56 Cal.4th 589, 592-593.) Despite timely objections, the trial court did not make any inquiry into defendant's ability to pay. Accordingly, imposition of the booking fee must be reversed and remanded for a hearing on defendant's ability to pay. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1404 (*Pacheco*), disapproved of on another ground in *People v. McCullough*, *supra*, 56 Cal.4th at p. 599.)

6

As with the booking fee, the probation supervision fee must also be reversed for lack of a proper inquiry into defendant's ability to pay. Section 1203.1b, subdivision (b), provides that "[w]hen the defendant fails to waive the right . . . to a determination by the court of his or her ability to pay and the payment amount, the probation officer shall refer the matter to the court for the scheduling of a hearing to determine the amount of payment and the manner in which the payments shall be made. The court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative." For lack of a hearing on defendant's ability to pay in this case, the probation supervision fee must be reversed and remanded for a proper hearing.

## C.

### *Imposition of Fees as a Condition of Probation*

The trial court's order listing the fees imposed also states: "If the court as a condition of your probation ordered a fine, and if you fail to report to the department of revenue services, a warrant will be issued for your arrest." However, a court may not impose the court security fee under section 1465.8 as a condition of probation.

As the *Pacheco* court explained, "The imposition of the court security fee as a condition of probation was unauthorized because like probation costs, this fee is collateral to [defendant's] crimes and punishment and as such, its payment may not be made a condition of probation. (*People v. Hall* (2002) 103 Cal.App.4th 889, 892 [probation costs are collateral and thus their payment may not be made a condition of probation]; *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 321–322 [same]; *People v. Hart* [(1998)] 65 Cal.App.4th [902,] 907 [same regarding attorney fees and costs].) Certain fines such as those relating to restitution, for example, may by statute be imposed as conditions of probation, but the court security fee is not one of them. (See, e.g., §§ 1202.4, subd. (m), 1203.1, subd. (a)(1) & (2).) One reason for the distinction between fines that may be imposed as probation conditions and those that may not is that

7

probation 'should be oriented towards rehabilitation of the defendant and not toward the financing of the machinery of criminal justice.' (*People v. Baker* (1974) 39 Cal.App.3d 550, 559, superseded by statute on other grounds as stated in *People v. Washington* [(2002)] 100 Cal.App.4th [590,] 593–596.) An equally compelling reason for the distinction is that a defendant may be imprisoned for violating a probation condition, but not for violating an order to pay costs and fees. (*People v. Amor* (1974) 12 Cal.3d 20, 25.) The nonpunitive purpose of the court security fee squarely places it among those fines and fees that are collateral to the crime . . . .

"An order directing payment of collateral costs like the court security fee is thus not enforceable as a probation condition but instead only as a separate money judgment in a civil action, and the order should thus be imposed as a separate order entered at judgment. (*Brown v. Superior Court, supra*, 101 Cal.App.4th at p. 322; *People v. Hart*, *supra*, 65 Cal.App.4th at p. 907; *People v. O'Connell* (2003) 107 Cal.App.4th 1062, 1068.) Because the order directing payment of the court security fee as a condition of probation was erroneous, we will modify the judgment to delete it as a probation condition and clarify that it is instead a separate order. (*People v. Flores* (2008) 169 Cal.App.4th 568, 578.)" (*Pacheco*, *supra*, 187 Cal.App.4th at pp. 1402-1403.)

So too, the order imposing the court facilities assessment must be modified. "While *Pacheco* did not involve imposing a court facilities assessment under Government Code section 70373, in light of the parallel language of the statutes, the same result follows that the assessment should be separately imposed and not made a condition of probation." (*People v. Kim* (2011) 193 Cal.App.4th 836, 843.)

DISPOSITION

The conviction is affirmed. However, the judgment is reversed and the matter remanded for the trial court to conduct a hearing on defendant's ability to pay the booking fee (Gov. Code, § 29550.2) and probation supervision fee (Pen. Code, § 1203.1b). If any order directing payment of a booking fee or a probation supervision

8

fee is entered on remand, the order will make clear that these items are not conditions of probation.  Regardless of whether defendant is found to have the ability to pay the booking fee or probation supervision fee, the court is directed to modify its order to state the court security fee (Pen. Code, § 1465.8) and court facilities assessment (Gov. Code, § 70373) are not imposed as conditions of probation.


      HOCH    , J.


We concur:


     HULL    , Acting P. J.


     BUTZ    , J.