Filed 10/26/15  P. v. Ward CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B258987 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA405490) |
| v. | |
| KEVIN WARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Sam Ohta, Judge.  Affirmed and remanded with directions.

Kimberly Howland Meyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Timothy M. Weiner, Deputy Attorney General, for Plaintiff and Respondent.

After his guilty plea to one count of attempted murder (Pen. Code, §§ 664, 187),[1] the trial court sentenced defendant Kevin Ward (defendant) to 19 years in state prison. We consider whether defendant must pay $132 in attorney fees when the court did not impose such fees during the oral pronouncement of sentence. We also determine whether defendant is entitled to an additional day of custody credit.

## BACKGROUND

In 2012, defendant attacked Israil Barri outside of World Share, a community center located near Fifth and San Pedro in Los Angeles. An amended information filed on May 13, 2013, charged defendant with one count of assault likely to produce great bodily injury (§ 245, subd. (a)(4)), one count of willful, deliberate, and premeditated attempted murder (§§ 664, 187, subd. (a)), and one count of assault with a deadly weapon (§ 245, subd. (a)(1)).

Defendant pled guilty to the attempted murder charge. The probation report prepared in advance of sentencing stated that defendant was a transient, and that when booked, he provided no occupational or employment information. Further, the probation report stated his income and assets were unknown, and that previously, defendant had worked as a boxer, day laborer, and in shipping and receiving. The report did not make an attorney fees recommendation.

The court sentenced defendant to a term of nineteen years, consisting of the midterm of seven years, doubled pursuant to section 1170.12, subdivisions (a) through (d), and section 667, subdivisions (b) through (i), plus an additional five years pursuant to section 667, subdivision (a). In addition to fines and restitution, the court awarded defendant 500 days of custody credit (435 days of actual time, plus 65 days of local conduct credit). When orally pronouncing sentence, the court did not impose an attorney fees assessment nor did it make a finding that defendant had the ability to pay attorney

---

[1] All further statutory references are to the Penal Code.

fees. The minute order for the sentencing hearing and the abstract of judgment, however, state defendant is ordered to pay $132 in attorney fees pursuant to section 987.8.

## DISCUSSION

Section 987.8 permits a county to recover some or all of the costs of defense expended on behalf of an indigent criminal defendant. (*Schaffer v. Superior Court* (2010) 185 Cal.App.4th 1235, 1245.) Under subdivisions (b) and (c) of the statute, an order of reimbursement can be made only if the court concludes, after notice and an evidentiary hearing, that the defendant has "the present ability . . . to pay all or a portion" of the defense costs. (§ 987.8, subds. (b), (c) & (e); *People v. Amor* (1974) 12 Cal.3d 20, 29; *People v. Phillips* (1994) 25 Cal.App.4th 62, 72-73.) If this finding is made, "the court shall set the amount to be reimbursed and order the defendant to pay the sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability." (§ 987.8, subd. (e).)

Defendant argues that the court made no finding he has the ability to pay the attorney fees assessment and he urges us to strike it. He also argues the trial court should have given him an additional day of custody credit. The Attorney General concedes it was error to require payment of attorney fees without a finding as to the ability to pay, but urges us to remand for such a determination rather than striking the assessment.

Remanding the matter is the preferred procedure when a court orders attorney fees but does not make a finding as to whether defendant has an ability to pay. Here, however, the court did not order defendant to pay attorney fees when orally pronouncing sentence. The oral pronouncement controls over the subsequent minute order and abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Mesa* (1975) 14 Cal.3d 466, 471-472; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) We therefore strike the fee assessment and order it deleted from the abstract of judgment.

3

Defendant also argues that he is entitled to an additional day of custody credit. The court awarded defendant 500 days of credit, consisting of 435 days of actual credit and 65 days of local conduct credit. The record discloses that defendant was arrested on February 5, 2013, and sentenced on April 16, 2014, for a total of 436 days in custody. Therefore, the proper calculation of defendant's custody credit should be 501 days of total custody credit, consisting of 436 days of actual credit and 65 days of conduct credit.

## DISPOSITION

The judgment is modified to strike the $132 attorney fee assessment and to give defendant 436 days of custody credit and 65 days of conduct credit, for a total of 501 days credit. In all other respects, the judgment is affirmed.

The clerk of the superior court shall prepare an amended abstract of judgment deleting the $132 attorney fees assessment and correcting the amount of custody credit. The clerk of the superior court shall deliver a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We Concur:


TURNER, P.J.


KRIEGLER, J.

5