Filed 8/23/16  P. v. Suade CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>    v.<br><br>DAVID SUADE,<br><br>  Defendant and Appellant. | F072637<br><br>(Super. Ct. No. SUF30038)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Ronald W. Hansen, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

Appellant David Suade pled no contest to one count of attempted murder, in exchange for dismissal of other counts and enhancements and an agreed upon five-year prison term. Suade challenges the trial court's restitution order, contending the award was an abuse of discretion and he was denied due process because he was not present at the restitution hearing. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On June 21, 2005, Suade, a Norteno gang member, approached a Sureno gang member on the street and stabbed him four times. Suade then left the scene. On September 21, 2005, Suade assaulted a student traveling home from school by first knocking the student to the ground and then kicking the student in the head multiple times. After the assault on the student, Suade left the scene.

On April 19, 2006, Suade was charged with attempted murder (count 1) and assault by means of force like to produce great bodily injury (count 2) of victim 1; assault by means of force likely to produce great bodily injury (count 3) of victim 2; and active participation in a criminal street gang (count 4). With respect to counts 1 and 3, it also was alleged that Suade personally inflicted great bodily injury on both victims and that each offense was committed for the benefit of a criminal street gang.

On July 17, 2006, Suade pled no contest to count 1, attempted murder, and stipulated to a five-year prison term. In exchange for his plea, all remaining counts and enhancements would be dismissed. Suade also entered a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, for victim restitution.

Suade was sentenced on August 14, 2006 to a term of five years in prison and was awarded 325 days of custody credits. A restitution fine of $1,000 was imposed pursuant

to Penal Code[1] section 1202.4, subdivision (b) and a $1,000 fine pursuant to section 1202.45 was stayed.

On July 24, 2015, the Merced County District Attorney filed a notice of motion and motion to order restitution payments of $10,455.34 to the California Victim Compensation and Government Claims Board (hereafter Board) as reimbursement for payments made to the victim from the Restitution Fund. The amount was specified to be reimbursement for victim medical expenses.

A hearing on the motion was held on August 18, 2015. At that time, the trial court noted that the motion asked for $10,455.34 in medical bills and asked if defense counsel wanted to "write Suade a letter." Defense counsel responded, "Sure …." The matter was continued to September 14, 2015.

At the September 14, 2015 hearing, the transcript notes "All parties being present …." It is unclear whether Suade was personally present, but defense counsel appeared and stated the matter was "submitted." The trial court ordered Suade to pay restitution in the sum of $10,455.34 to the "Victim Compensation Board."

An abstract of judgment for the restitution amount was filed September 21, 2015. On October 29, 2015, Suade filed a notice of appeal of the restitution judgment.

## DISCUSSION

Suade contends the trial court abused its discretion in awarding restitution because "a specific kind of documentary evidence" is required to establish a restitution award under section 1202.4 and the People did not provide that specific evidence. He also contends his due process rights were violated because restitution was awarded at a hearing at which he was not personally present. We will briefly address Suade's contentions; however, because he failed to raise these issues in the trial court the issues are forfeited for purposes of appeal.

---

[1]    References to code sections are to the Penal Code unless otherwise specified.

## I.     RESTITUTION AWARD

Suade contends "a specific kind of documentary evidence" is required to establish a restitution award under section 1202.4 and absent that specific type of evidence, an award of restitution is an abuse of discretion.  Section 1202.4, subdivision (f)(4) addresses restitution when assistance payments have been made by the Restitution Fund on behalf of a victim and provides a method by which these amounts are to be established.

Failure to object in the trial court to the sufficiency of the evidence to support a restitution award constitutes a waiver of the issue.  (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1470.)  A failure to object in the trial court to the amount of a restitution award likewise constitutes a waiver of the issue on appeal.  (*People v. Anderson* (2010) 50 Cal.4th 19, 26 & fn. 6.)

At the initial restitution hearing, the trial court stated on the record the amount of restitution requested, $10,455.34, and that the amount was for "medical bills."  Defense counsel apparently was going to "write Suade a letter" about the restitution claim and the hearing was continued to allow for this communication.  At the continued hearing on restitution, no objection was made in the trial court to the type of evidence used to establish the restitution amount, or the amount of restitution awarded.  Consequently, Suade has forfeited this contention.

Regardless, the People are required only to make a prima facie case for restitution, which can be established by a victim's testimony, or a claim, or a statement of the amount of economic loss.  (*People v. Sy* (2014) 223 Cal.App.4th 44, 63.)  Here, the People presented the request for restitution submitted by the Board, which provided an itemized detail of the amount requested and the basis for the claim.  Because the Board is a state agency and claims reports are prepared as part of the official duties of the Board, these claims reports have been deemed inherently reliable.  (*People v. Cain* (2000) 82 Cal.App.4th 81, 87; Gov. Code, § 13901.)  The amount of restitution is not affected by

4.

any indemnification or subrogation rights of a third party.  (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1216; § 1202.4, subd. (f)(2).)  The amount requested was reimbursement for medical expenses paid, which is a proper basis for restitution. (§ 1202.4, subd. (f)(3)(B).)

Once the People made a prima facie case, the burden shifted to Suade to provide evidence that would contradict the amount claimed.  (*People v. Sy*, *supra*, 223 Cal.App.4th at p. 63.)  No such evidence was presented; defense counsel submitted on the evidence presented by the People.

The trial court did not abuse its discretion in ordering $10,455.34 in restitution, the amount claimed by the Board.  (*People v. Giordano* (2007) 42 Cal.4th 644, 663.)

II.     DUE PROCESS

Suade claims he was denied due process because he was not present at the restitution hearing.  We disagree.

Suade failed to assert his due process right in the trial court.  The failure to raise a due process issue in the trial court constitutes a forfeiture of the issue on appeal.  (*People v. McKinnon* (2011) 52 Cal.4th 610, 638; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.)

Regardless, restitution hearings require fewer due process protections than criminal hearings determining guilt.  (*People v. Giordano, supra,* 42 Cal.4th at p. 662, fn. 6.)  When a restitution hearing is held after sentencing, as it was here, there is no possibility that the restitution hearing could expose a defendant to a greater sentence. (*People v. Millard* (2009) 175 Cal.App.4th 7, 36, fn. 11.)  A defendant's due process rights regarding restitution are protected when the defendant has notice of the amount of restitution claimed and is afforded an opportunity to challenge the claimed amount. (*People v. Cain, supra,* 82 Cal.App.4th at p. 86.)

Suade was aware, through defense counsel, of the amount of the claim for restitution as of the initial hearing on August 18, 2015.  We presume defense counsel

communicated with his client and that Suade had actual notice of the claimed amount well before the continued hearing on September 14, 2015, because Suade has raised no issue of ineffective assistance of counsel. This nearly one-month delay, which was to allow Suade to be notified of the exact amount of the claim, afforded ample opportunity for Suade to object to the claim, if he so desired. (*People v. Amor* (1974) 12 Cal.3d 20, 29.)

## DISPOSITION

The judgment is affirmed.